Succession of Treadwell.

No. 9670.

SUCCESSION OF W. H. TREADWELL.

The rule has long been settled that all parties to the record who are interested in maintain-
ing the judgment must be made parties to the appeal from it.

Where the tableau of distribution and final account of an administratrix have been homolo-
gated and the funds have been distributed in accordance therewith, and a creditor of the
deceased, who was not a party to the mortuary proceedings, appeals from the judgment
of homologation, he must make the creditors who have been paid parties to his appeal.

When the petition of appeal contains no prayer for citation and none is issued, the fault is
the appellant's and dismissal is the penalty of his neglect. The Act of 1839, now Sec.
36 Rev. Stats., does not cure this defect.

APPEAL from the Tenth District Court, Parish of Red River.
*Hall*, J.

*Pierson & Hull* for the Appellant.

*Egan & Pierson*, contra.

The opinion of the Court was delivered by

MANNING, J. This appeal is taken by petition of a creditor of the
succession from the judgment homologating the distribution of its
assets, the creditor not having been a party to the proceedings in the
lower court.

Treadwell died in March, 1885, and his widow qualified as adminis-
tratrix on the 15th of the next month. A statement or tableau of debts
was made and filed the following day along with a petition for the sale
of the property, it appearing that the debts exceeded the appraised
value of the property. The sale was made. The plantation, which
was appraised at $10,000, brought $12,000. The rest of the property,
appraised at a fraction under two thousand dollars, brought the full
appraisement. A tableau of distribution was filed, advertised and ho-
mologated, no opposition having been made thereto, and the funds
were distributed.

In December following, S. W. Rawlins, alleging that he is a creditor
of the deceased, petitioned for a devolutive appeal, which was granted.
The administratrix has alone been cited, and she moves to dismiss on
the ground that the creditors who have been paid have not been made
parties to the appeal.

The motion must prevail.

The rule is and has long been settled, that all parties to the record
who are interested in maintaining the judgment must be made parties
to the appeal from it, and this rule has been often applied to appeals
such as this, it having been uniformly held that in an appeal from a

judgment homologating an administrator's final account the creditors who have been paid are necessary parties. Suc. Duco, Manning's Unrep. Cas. 229; Condon vs. Samory, 12 Ann. 801, and authorities there cited; Broussard vs. Robin, 13 Ann. 560; Cummings vs. Erwin, 14 Ann. 315.

The appellant cannot invoke the rule that when the fault is not his he cannot suffer for another's neglect or omission, for here the fault is his. He did not ask that citation should issue.' His petition for appeal concludes with this prayer: "Wherefore, premises considered, petitioner prays for an order of devolutive appeal, returnable to the Supreme Court on the second Monday of February, 1886, according to law. He prays for all orders necessary and general relief."

There is no prayer for citation of anyone, nor was any ordered, the judge having simply granted the appeal and prescribed the amount of the bond. The prayer for all necessary orders does not include it.

This omission is not cured by the Act of 1839, now Sec. 36 Rev. Stats., a series of decisions having settled that this statute is not applicable to so vital a prayer as that for citation when the appeal is by petition, and that when that prayer is not made the lack of it is attributable to the appellant. Fagan vs. Moriarty, Manning's Unrep. Cas. 439; Adams vs. Dermody, 21 Ann. 238; Guilbeau vs. Cormier, Idem, 629; Gerodias vs. Handy, 31 Ann. 334.

The appellant complains that "a summary process of administration was adopted." Creditors of successions have rarely had occasion to complain of the speedy settlement of them. The evil lies in the opposite direction, but in this case the final account was filed May 29th. Only ten days advertisement of it was required, but it was not homologated until July 18th, nearly two months interval.

The appeal is dismissed.