No. 11,906.

WILLIAM G. VINCENT VS. MRS. C. M. PHILIPS, TUTRIX ADMINIS-
TERING.

A vendee of property having died leaving unpaid a portion of the price due by him, the vendor brought suit upon the resolutory condition to have the sale dissolved for the non-payment of the price, making defendants in the suit the widow administering the succession of the deceased as tutrix of their minor children, and individually as widow in community. Defendant, in her two capacities, answered, and a judgment was rendered setting aside the sale, and liquidating and adjusting the claims and counter claims of the parties. A creditor of the deceased appealed from the judgment contesting the right of the tutrix, as such, to represent the succession in the suit, and setting up various grounds for the reversal of the judgment itself. The Supreme Court held that the suit was properly brought against the tutrix, and, at the instance of the appellant, amended the judgment adversely to the plaintiff in some respects. A rehearing was applied for and refused.

On the day the rehearing was refused an ordinary creditor of the succession gave bond under an order he had obtained for a devolutive appeal, had the record brought up a second time, and attempted to have the original judgment reversed or amended. Plaintiff pleaded *res judicata*, basing himself on the judgment rendered on the first appeal. The court dismissed the appeal, holding that the first appeal settled the law of the case; that the court having decided that tutrix as administering the succession was the proper defendant in the suit for a dissolution of the sale, she, in that suit, and on the first appeal, represented the mass of the creditors, and the second appellant, a mere ordinary creditor, was not entitled to an appeal to reopen the case upon the merits.

APPEAL from the Fourteenth Judicial District Court for the Parish of Pointe Coupée. *Talbot, J.*

*W. W. Leake* and *Branch K. Miller* for Plaintiff, Appellee.

*Yoist & Claiborne* and *W. B. Sommerville* for S. P. Walmsley, Appellant.

*O. O. & A. Provosty* for Administratrix, Appellee.

Argued and submitted December 17, 1895.
Opinion handed down January 20, 1896.

The opinion of the court was delivered by

NICHOLLS, C. J.   On June 20, 1894, the plaintiff, Vincent, brought suit for a dissolution of the sale of a certain plantation which he had sold to Marshall P. Philips.   The suit was brought against Mrs. C. M. Philips, individually and as tutrix of her minor children, issue of her marriage with Marshall P. Philips, the vendee, in her capacity as tutrix administering her husband's succession.

Defendant answered, and on the 6th of July, 1894, the District Court rendered a judgment dissolving the sale, and adjusting and liquidating the rights of the parties.

On the 4th of August, 1894, the widow qualified as administratrix of the succession.

On the 17th October, 1894, the Metropolitan Bank presented a petition to the District Court, in which, alleging itself to be a creditor of the succession, and aggrieved, in various ways specified therein, as such by the judgment of July 6, it applied for and obtained an appeal therefrom.   The plaintiff, W. G. Vincent, and Mrs. C. M. Philips as tutrix administering the succession, and as administratrix of the succession, were cited to answer the appeal.   The plaintiff moved to dismiss the appeal on the ground that all the parties to the judgment appealed from had not been cited or made parties, and that appellant had not alleged or shown a direct pecuniary interest in an amount sufficient to give jurisdiction to the Supreme Court.   In an opinion reported in 47 An., p. 1216, entitled Vincent vs. Philips, this court remanded the cause to try and decide two issues, defendant's indebtedness and the insolvency of the succession of Philips.   The objection made to the appeal on the ground

that all the parties to the judgment appealed from had not been cited or made parties was overruled, the court holding that the only parties to the judgment were the plaintiff and the defendant, and they had been cited.

When the case was returned, this court found that the succession of Philips was insolvent, and that the appellant had an appealable interest. It therefore maintained the appeal. The appeal was fixed for trial, argument heard, and a decision rendered in the case on June 3, 1895. A rehearing was applied for, but refused on June 29, 1895. The case will be found reported in 47 An., p. 1238. Our decree amended the judgment appealed from by deducting five thousand dollars from the amount allowed to the plaintiff, leaving him indebted to the succession in the sum of five thousand and fifty-six dollars, instead of fifty-six dollars, but in all other respects it affirmed the judgment. On December 22, 1894, the administratrix filed a provisional account, in which she averred that the Oakland plantation (the property in question) had passed out of the succession by the effect of the judgment referred to, but that an appeal had been taken by a creditor which was still pending. She further stated that the movables on that plantation, made immovable by destination, had not passed out of the succession by that decree, and that she had sold the same. In her accounts she debits herself with the price of certain mules from that plantation.

On the 28th of June, 1895, S. P. Walmsley, by petition, applied for an appeal from the judgment of July 6, 1894, alleging that he was a creditor of the succession and was aggrieved thereby. An appeal was allowed him, and on his prayer the plaintiff, Vincent, and the defendant, Mrs. C. M. Philips, were cited to answer the appeal. Walmsley furnished his appeal bond on the 29th of June, 1895. Mrs. Philips was cited as tutrix administering the succession and as administratrix of the succession. Citation of appeal was served on Vincent on July 5, 1895, and on Mrs. Philips on July 3, 1895.

Vincent filed in this court a plea of *res adjudicata* and estoppel, based on the judgment of this court in the matter of the appeal of the Metropolitan Bank. In the event that plea be overruled, he then asked that the judgment appealed from be amended by allowing him eight instead of five per cent. on the revenues of the Oakland plantation, thus entitling him to seventeen thousand eight hun-

23

dred and forty dollars, instead of eleven thousand one hundred and fifty dollars.

In reference to the amendment of the judgment, appellant maintains that an appellee can not ask for an amendment of the judgment appealed from except by way of answer to the appeal, and, if appellee demand the reversal of the judgment, he shall file his answer at least three days before that fixed for argument; otherwise it shall not be received. Citing C. P. 894, 895 and 902.

There is a much more serious obstacle than this in the way of an amendment of the judgment. If plaintiff were to be held entitled to an increase, it would be greatly to the prejudice of the succession and its creditors. The administratrix of the succession, the succession representative, is not an appellant, but an appellee. As representative of the mass of creditors, it is evident she thought it better to leave matters as. they were than to risk an appeal, and through and under it an adverse amendment. We do not think appellant is authorized to stand in judgment for the purposes of an amendment in favor of Vincent and against the succession. As matters stand we do not see how, under the decisions of this court, it would be possible to amend the judgment as between Vincent and the succession of Philips, both being appellees. But if the judgment could not on appeal be altered in these respects, wherein it might be prejudicial to the plaintiff, it is difficult to see how either on principles of either law, justice or equity. it could be altered in favor of the succession, for practically if appellant were successful in any respect on the appeal, it would not enure to his individual or special benefit, but to all the creditors. He presents himself before us, not as a creditor holding any special relations to the succession, or to the property involved in this litigation, but as a mere general creditor. Appeals such as that sought here would, if allowed, destroy the principle of mutuality. There doubtless are cases where this principle would not be a controlling factor in determining a right of appeal, but this case does not fall within the line of exceptional cases. 2 New Series, 524, 525, Bargebut et al. vs. Their Creditors.

Again, if this particular creditor could have the judgment modified, so could any other creditor, and we would have a succession of separate appeals by individual creditors from the same judgment on the same record and evidence. These appeals would be substan-

tially nothing more nor less than rehearings of our original opinion—each appellant urging errors and attempting possibly to raise new points, or to more forcibly present those already made and passed on. In the matter of the appeal of the Metropolitan Bank, the appellant urged that the defendant, as tutrix administering, was not authorized to stand in judgment in a suit for a resolution of the sale. That was an objection which we think he was authorized to raise. The judgment of the lower court was open to review on that issue, but this court having decided that the tutrix was authorized to stand in judgment as administering the succession, that decision must stand as the law of the case. No possible argument could alter our opinion on that point. Her *status* was therein fixed and settled. If the tutrix was authorized to stand in judgment in that case, as we hold she was, she represented in that suit the mass of creditors—certainly the general creditors, and the peculiar condition in which we find this case forces upon us the consideration, though no motion to dismiss is made, whether the appellant is in law entitled to appeal in order to reopen the case on its merits. In this connection it will be noticed that the administratrix herself has acquiesced in the judgment, also that appellants appeal was necessarily a devolutive appeal. That he furnished bond on the very day the rehearing in the Metropolitan Bank was refused, and that Vincent was not cited until after our decree on the appeal of the bank was made final by the refusal on rehearing. As between the succession represented by the administratrix and Vincent, more than a year has now elapsed since the rendition of the judgment of the District Court and the judgment has become final. When at the instance of the Metropolitan Bank Mrs. Philips was, as administratrix, made an appellee, she, as such, represented all the creditors of the succession, and the judgment in that case bound them all—certainly all who did not occupy some exceptional situation as a creditor and in reference to the particular property and in the absence of fraud. (See Condee vs. Lord, 2 N. Y. 269.)

The plaintiff, vendor of the property, was entitled to find a defendant against whom he could institute proceedings for a resolution of the sale, and it would have been utterly impracticable for him to have made all the creditors of the succession parties defendant. They could have intervened below for the protection of their interests, if they deemed them not well defended nor liable to be so.

Several cases of this court have attracted our attention on this subject, among them the case of Lacroix vs. Menard, 7 Martin, N. S., 346 and 347; The State vs. Judge, etc., 12 Rob. 320; Succession of Pomeroy, 22 An. 518; Conery, Jr., vs. Waterworks Co., 42 An. 442, 443, 444; Gillespie vs. Scott, 32 An. 767; Heroman vs. Louisiana Institute of Deaf and Dumb, 34 An. 813; Taylor vs. Carroll, 28 An. (N. R.); Louque's Digest No. 10, p. 347 (Opinion Book 45, page 64); Ross vs. Enaut, 46 An. 1250; Gasquet vs. School Directors, 45 An. 342; Trounstine & Co. vs. Ware, 39 An. 939; Paland vs. Railroad Co., 44 An. 1003; Desmaries vs. Police Board, 42 An. 799; Dupre vs. Board of Police, 42 An. 801.

The question of *res judicata*, and that of the capacity of the appellant to appeal for the purposes for which he appeals, run closely together when applied to the facts and circumstances of this case.

Another view of this matter which suggests itself to us is whether, when the Metropolitan Bank undertook, as a general creditor, to appeal from the judgment, he did not in reality, though not professedly, act for and on behalf of himself and all similarly situated. Hawthorne vs. Beckwith, 89 Va. 786. The best consideration we can give to this case leaves us convinced that the appeal taken by the Metropolitan Bank must be taken to have settled the law of the case and to have fixed the rights of all parties in respect to this suit, whether it be strictly and technically *res judicata* or not. Klauber vs. San Diego St. Car Co., 98 Cal. 105; Semple vs. Anderson, 9 Ill. 546; Stacez vs. Vermont Cent. R. Co., 32 Vermont, 552; Lee vs. Stahl, 13 Colorado, 174; Encyclopedia of Pleading and Practice, *verbo* Appeal, Subdivision, "On Second Appeal—Law of the Case," page 373 *et seq.*

This conviction carries with it as its consequence that we are constrained to dismiss the appeal.

The appeal is dismissed.