The opinion of the court was delivered by
Nicholls, C. J.
We have upon several occasions referred to the •course to be pursued by an administrator, seeking to have his final account homologated and himself discharged. Succession of Van Hoven, 46 An. 920, 921; Succession of Gaines, 46 An. 252, 1238; State ex rel. Evans vs. Judge, 48 An. 931.
The administrator in the present case has not caused the widow in community and the heirs to be cited as he should have done, and issues have sought to be passed upon in this proceeding in the deci.sion of which they are interested. The failure of the administrator to make them parties is evidently due to the belief on his part that what he claims to have been a complete extra-judicial partition of the succession had the effect, ipso facto, of making further action thereafter in the premises unnecessary. In this position he is mis-'takeni It is his duty to file his account, make proper parties, and by proper evidence offered by himself account for everything which •came under his administration or for which he might have been responsible. This whether the final account be tendered by himself •or rendered in response to an “ action en d&livrance ” brought by the •heirs.
If pending the administration the widow and heirs have made, without objection on his part and that of the creditors, either a complete or a partial partition, and by reason thereof have withdrawn by consent from his possession and control the whole or a portion of the succession property, he should introduce the acts which evidence such fact and leave the effect of the same to be determined on the trial of his application for homologation and dis-charge. That application should, in case of oppositions, be regu *1740 larly assigned for trial and tried contradictorily between all parties: in interest.
While it is true that the duties and obligations of administrators, may as between themselves and the widow and heirs of a deceased person be lessened or entirely done away with by extra-judicial settlements between themselves, where the rights of creditors are not jeopardized and the administrator urges no legal objection to such a course (C. C. 1320; Westholtz vs. Westholtz, 19 An. 293, 294; Denton vs. Woods, 19 An. 358; Succession of Charmbury, 34 An. 21; Succession of Baumgarden, 36 An. 46; Succession of Sterry, 38 An. 855; Hewes vs. Baxter, 46 An. 1284), we think the heirs are not cut off from having a legal examination gone into as to the scope, and effect of settlements claimed to be suclrin any given case, and that the administrator should pursue the regular course mapped out by law for the homologation of his account and his own discharge.
In the case at bar the heirs and widow evidently disagree as to the scope of the various acts which were passed between them. One of them on the face of the act, which has been produced as evidencing on her part a consent to a final and complete settlement, expressly limited the effect of the various acts to a partition of the particular-property referred to therein. As to this particular heir there has apparently been no consent to a final settlement. If so the opening-of these matters as to this heir opens the question for discussion as-to all of the parties. C. C. 1412; Gay vs. Marionneaux, 20 An. 358. We see no objection to the administrator’s (he being also one of the heirs) placing of record a plea of estoppel, but we think that in matters of this character the case should be sent to trial after all parties, have been called in, leaving the effect to be given to that plea to be determined after hearing and knowledge of the whole case.
We think the court erred in sustaining the plea of estoppel; that the administrator should file an account de novo based on what he-considers the present rights and obligations of parties to be. That the widow and all the heirs should be cited and the legal situation fixed and determined contradictorily between themselves as well as between themselves and the administrator. The latter can renew hereafter all exceptions and objections to which he deems himself legally entitled for his protection and defence.
In view of the absence of parties interested in the subject matter-of the settlement of this succession, we think it best to express no- *1741 opinion upon the incidental questions referred to in the briefs of counsel. It may not be amiss, however, to call attention of counsel to the cases of Boyle & Co. vs. Sibley, Admr., 22 An. 446; Tutorship of Davis, 22 An. 497, and Thezan vs. Thezan, 28 An. 442, and to their possible bearing upon the issues in the future which the present controversy foreshadows.
For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed, and the cause is remanded with directions to the administrator to file a new account and tableau — to cite the widow in community of the deceased and his heirs and contradictorily between said parties and between said parties and himself, to have the rights and obligations of the parties in interest fixed and determined —leave being granted to the administrator to renew hereafter all exceptions and objections to which he deems himself entitled for his protection and defence. Costs of both courts to be borne by the succession.