No. 13,837.

STATE OF LOUISIANA EX REL. MRS. W. C. HEINTZ, WIFE, ETC., VS. THE JUDGES OF THE FOURTH CIRCUIT COURT OF APPEALS FOR THE PARISH OF ST. TAMMANY.

### SYLLABUS.

Where two persons are sued jointly in a petitory action and one of the co-defendants, in her answer, alleges that that part of the property in her possession was acquired by purchase from the co-defendant, on whom she calls to defend her title and possession and against whom she asks judgment in warranty in case of her eviction, and defendants being cast the co-defendant and warrantor alone appealing, this appeal is considered to have brought up the whole case and the judgment of the appellate court, in affirmance of the judgment of the trial court, is held to have finally disposed of the case as to all parties, and the other defendant cannot afterwards appeal from the same judgment.

APPLICATION for Writs of *Mandamus* and *Certiorari*.

· *Henry L. Garland, Jr.,* for Relatrix.

Respondent Judges *pro se.*

(*Benjamin Moore Miller* and *Benjamin Ory* of Counsel).

---

The opinion of the court was delivered by

BLANCHARD, J. Relatrix invokes the writ of *mandamus* to compel the respondent judges to entertain jurisdiction of an appeal which she has taken to their court in the cause entitled Emmet T. Moody *et al.* vs. Zachariah Strain *et als.*

The writ of *certiorari* is asked in aid of the application for *mandamus* —to bring up the record of the original suit, to the end that the court may be in possession of the necessary information to pass intelligently upon the questions presented.

The record has been brought up.

It appears that Emmet T. Moody and Louis J. Heintz, alleging themselves to be owners of a certain lot of ground, brought suit in the District Court of St. Tammany Parish, against Zachariah Strain and Mrs. W. C. Heintz (the relatrix) and prayed judgment awarding them the ownership and possession thereof.

Strain and Mrs. Heintz filed separate answers. The former asserted ownership in himself of certain parcels of ground described as lots Nos. 163, 164, 165, 166, 167 and 168, and prayed rejection of plaintiff's demand.

Mrs. Heintz, in her answer, admitted she was in possession of a portion of the land described in plaintiff's petition, viz:—lots 167 and 168, but averred her ownership of the same by purchase from Zachariah Strain (her co-defendant). She represented her title to be good and sufficient, but that should it prove not to be, then she was entitled to recover of Zachariah Strain, her vendor, the purchase price of the property, and that said Strain should be called in warranty to defend her title and possession. She prayed rejection of plaintiff's demand, and, further, that if any judgment should be rendered against her "that like judgment be rendered in her favor and against Zachariah Strain as in case of warranty."

The parties litigant agreed on two surveyors, who are named, and asked the trial judge to commission them (which he did) to make a survey of the land described in the deeds under which the plaintiffs claimed title, and of that described in the deeds under which the defendants claimed title—the object being to establish the identity *vel non* of the land described in the deeds under which the plaintiffs claimed, with that occupied by defendants.

The survey was made and *proces verbal* thereof returned. Its conclusion was that "defendants occupied a tract of land 180 feet by 500 feet belonging to plaintiffs."

Judgment following in favor of the plaintiffs "and against the defendants" decreeing the former to be the owners of 35.51 acres (describing same) "and that they have and recover possession thereof from the defendants."

This judgment, further, for some reason not given, did not pass definitely upon the question of warranty raised, but reserved to Mrs. Heintz (relatrix) the right to proceed against the defendant Zachariah Strain under the warranty in the deed from him to her.

From this judgment, immediately following its rendition, counsel for

Strain, in open court by motion, took a suspensive and devolutive appeal to the court of respondent judges.

The Appellate Court, in due course, handed down an opinion and decree affirming the judgment.

Some eight or nine months after the decision of the cause in the District Court and some seven months after its decision in the Court of Appeals, Mrs. Heintz (relatrix) applied by petition to the District Court for a devolutive appeal from the judgment of that tribunal in the case, returnable to the court of respondent judges.

An order of appeal was granted and the cause was filed a second time in that court.

No citation of appeal to any one was asked in the petition for appeal, and the order allowing the appeal did not direct citation to issue to any one.

It seems, however, that counsel for Mrs. Heintz, by letter to the Clerk of the District Court, directed that official to issue citation of appeal to the plaintiffs in the case, Emmet T. Moody and Louis J. Heintz. He did not direct him to issue citation of appeal to Zachariah Strain, her co-defendant.

Moody and Louis J. Heintz, by counsel, appeared in the Court of Appeals and moved to dismiss the appeal upon the ground, substantially, that a second appeal cannot be allowed from a judgment which had once been appealed in its entirety and disposed of in all particulars and as to all its legal effects and bearings.

They, too, asked its dismissal upon the further ground that Zachariah Strain, co-defendant of the appellant who had been called in warranty by the answer of the appellant, was a necessary party to the appeal and he had not been cited as such.

The Court of Appeals sustained this motion and dismissed the appeal.

Then followed this application for *mandamus* to compel the reinstatement of the case on the docket and its determination on the merits by the appellate court.

*Ruling*—Our conclusion is the *mandamus* will not lie.

The relatrix, in her answer in the District Court, claimed to own lots of ground 167 and 168 by purchase from Zachariah Strain. He was her co-defendant in the same cause, wherein he had appeared and filed answer. She averred him to be her warrantor, called on him as such in

her answer to defend her title and possession, and asked judgment against him in warranty in case of her eviction.

This was in law a demand in warranty. C. P. 382.

She cannot now take the position that no call in warranty was issued against Strain, and that the issue of warranty was not pressed.

He was a party defendant in the cause, had appeared therein and was before the court for any judgment that might be responsive to the issues raised.

He defended the suit in his own right and behalf, and having been called on by his co-defendant and warrantee in her answer to defend it in her behalf—he being the author of her title—we must presume he did so, and that when he took the appeal in the case, it was prosecuted on her behalf as well as his own.

Accordingly, she is bound by the judgment rendered on that appeal and the case is concluded as to her as well as to him.

The judgment of the District Court was "against the defendants." She suffered her co-defendant, who was the warrantor of her title and whom she had called on to defend it, to take the appeal alone, and evidently placed her reliance on his appeal as sufficient for both.

We think all the issues involved were, under the circumstances, carried up by that appeal, and when Strain was cast on the appeal he lost for her as well as for himself.

Connery vs. Water Works Co., 42 La. Ann. 441; Vincent vs. Phillips, Tutrix, 48 La. Ann. 351.

She has had her "day in court;" she cannot now demand to reopen the case by a second appeal.

It is, therefore, ordered that the rule *nisi* which issued herein be discharged and that the peremptory writ of *mandamus* be denied at the cost of the relatrix.