NICHOLLS, T.
On the 2d of October, 1886, Marie Grenier, wife of Alfred J. Meyer, filed a petition in the district court in which she alleged that, as natural tutrix of her minor children, Adele and Camille Guillebert, issue of her marriage with Constant Guillebert, deceased, and as such administering his succession, she had filed a provisional account of said succession.
She prayed that the same be advertised as the law directed, that after legal delays and due proceedings the said tableau be homologated in all of its parts and particulars, that she be allowed to pay debts placed thereon and given credit on same, that all necessary orders in the premises be given, and for general relief. The court ordered on the same day the tableau to be advertised as the law directed, and that after legal delays had, if there be no1 opposition thereto and due proceedings had, that the same be homologated in all its parts and particulars.
Accompanying this petition was the account referred to, in which the petitioner set out the amount of the inventory and presented a list of debts and charges classified as law charges, funeral charges, expenses of last illness, and ordinary claims. She also gave a list of debts uncollectible and errors in the inventory.
The undertutor of the minors, George L. Meyer, filed an answer in which he declared that he had carefully examined said provisional tableau, and, finding the same correct, full and proper, recommended homologation of the same in all its parts and particulars.
On the 23d of October, 1886, the district judge rendered the following judgment.
“This case coming up to be heard in open court for homologation, and due proof having been made of legal advertisement of tableau of the waiver of the undertutor, and that all claims charged on the tableau as due by the succession, including both privilege and ordinary claims, are correctly placed thereon:
“It is, by reason of the law and the evidence being in favor of the homologation of said tableau, ordered, adjudged, and decreed that same be fully homologated as to the classification of debts placed thereon and that tutrix be-allowed and authorized to pay same in accordance with tableau.
“[Certain items of credit are here given.]
“It is further ordered, adjudged, and decreed that for other credits claimed, when no proof was made, that same be disallowed, reserving to tutrix the right to establish same in a subsequent tableau in proper form.
“It is therefore ordered, adjudged, and decreed that, with the exception of certain credits not allowed herein, the same provisional tableau be homologated in all its parts and particulars.”
On November 18, 1905, Adele 0. Guillebert, wife of A. T. Tillou Barbin (her husband joining his wife), filed a petition in which it was alleged that her father, Constant Guillebert, died in 1884, leaving a considerable-estate; that his widow (petitioner’s mother) qualified as her tutrix, and as such took possession of and administered her father’s succession; that she later contracted a second marriage with Alfred J. Meyer, who by that fact became her co-tutor; that she attained her majority on the 13th of March, 1905; that on October 22, 1886, her tutrix and co-tutor filed a provisional account of their administration, which was on the same day homologated by the judgment of the court; that petitioner was aggrieved by said judgment and desired to appeal from same. She-prayed for a devolutive appeal and for citation upon her tutrix and co-tutor.
An order granting such appeal was granted, and the transcript of appeal filed in this court on the 8th of December, 1905.
To this transcript was attached the certificate of E. A. Plauche, then clerk of the district court for Avoyelles, to the effect that the transcript contained a full, true, and correct transcript of all the proceedings had and documents filed and testimony adduced on the trial of the matter of the application of Marie Grenier, natural tutrix of *375 Adele Constance Guillebert and Camille Guillebert, for tbe homologation of the provisional tableau filed by her in the district court for the parish of Avoyelles on the 22d day of October, 1886.
Preceding this certificate was a separate certificate, under date of the 23d of November, 1905, under the heading of “Minutes of Court,” in which it was certified by the ■deputy clerk of the court that he had searched the minute records of that parish and failed to find the minutes from October 8, 1883, to June 11, 1887.
On May 8, 1906, Marie Grenier 'and her husband, Alfred J. Mayer, as natural tutrix .and co-tutor of Adele Constance Guillebert, wife of A. T. Barbin, and Camille Guillebert, and as such administering the said estate (appellees), moved to dismiss the appeal taken in this proceeding for the following reasons:
For insufficiency of the transcript. The transcript is insufficient, and does not contain all the papers and documents offered in evidence on the trial of the matter of homologating the provisional account or tableau of classification of debts, appealed from, and upon which the district judge rendered his judgment homologating the said account.
Because the certificate of the clerk of ■court on said transcript is not correct, and is disproved by the record itself, which shows by the note of evidence that certain documents were offered in evidence and these documents do not appear in the transcript.
Because all the parties in interest are not made parties to this appeal. None of the ■creditors who have been paid under the judgment homologating this account have been ■cited and made parties to this appeal. In re Smith, 21 La. Ann. 183; Condon v. Samory, 12 La. Ann. 801. Succession of Treadwell, 38 La. Ann. 260; article 564, Code Prac.
Because the legal delays for appealing have expired, and the right to appeal has lapsed, and the judgment of the court homologating this account or tableau has become final by lapse of time and cannot be reviewed on appeal.
Because this is an appeal from a provisional account or tableau of classification of debts filed by the tutrix administering the estate of Constant Guillebert, deceased, in the year 1886, and the same was approved and homologated by the court, without opposition, contradictorily with the undertutor of the minor children, who did not oppose or ax>peal same, and the appellant has no right to an appeal from the judgment homologating said account, and said account or tableau cannot be reviewed on appeal.
Because an heir, who is shown by the record to be a minor, must prove that he has attained his majority to give him any right to appear in court, and there is no proof in the record, and none can be offered, that the appellant has attained her majority.
Because an heir coming of age has no right to appeal from a judgment homologating a "provisional account or tableau of classification of debts filed by a tutrix administering an estate. Such is not the remedy provided by law, if the heir has any rights.
Because the Supreme Court has no jurisdiction at this time and in this manner to review a provisional account or tableau of classification of debts filed and homologated over 15 years ago. It has no longer any jurisdiction of the subject-matter, if it ever had.
Because more^ than a year has elapsed since said account or tableau was homologated by judgment of court, said judgment being rendered over 15 years ago, and the right of appeal from said judgment is prescribed, which is a bar to the right of appeal, which appellees plead.
The greater part of the argument before this court was directed to a discussion as to whether the decree of homologation, rendered by the district judge, should be permitted to stand under the circumstances in which it was rendered. This discussion is *377 subordinated to the question whether the appeal itself is maintainable, taken in the manner and form it was as an appeal, separate and severed from the decision upon the final account of ■ tutorship, which has been applied for by appellants and will be hereafter rendered. The judgment of homologation was rendered as far back as 1886, in a proceeding in which the minor, now the appellant, was represented by her undertutor, and in which he approved of and consented to the order of homologation.
Under such circumstances there was, of course, no appeal taken by the undertutor. It is not claimed by the tutor that the decree of homologation so rendered is conclusively binding as res judicata upon the minor, who has now reached majority. It is conceded that it is open to contest and that subject-matters declared to be homologated are still remediable. It is contended, however, that the appeal cannot be maintained as taken. The appeal of the appellant deals with the order of homologation, not as an interlocutory order made in the course of and as one of the successive steps taken in the tutor’s administration, which as to its correctness is to be viewed as an entirety, but as a matter to be disposed of separately from and independently of the final account which was rendered by the tutor. The counter position is that the remedy of the minor is to be postponed until the tutor files his final account, at which time the minor is permitted to urge all objections she may have to any part of the tutor’s administration, by way of opposition and subsequent appeal, if aggrieved; that the final account of the tutor covers the whole period of the tutorship of which the various provisional accounts form part and parcel or chapters and so connected with it that when the final account is appealed from the provisional accounts go up with the main appeal, just as the correctness of the various interlocutory rulings and orders of court in any ordinary case are carried up for review, with the final judgment rendered; that the objection to the homologation can be as effectively and forcibly urged on opposition and subsequent appeal as they could be first by appeal and then later on opposition, and in fact that the practice of permitting of separate, independent appeals from the various orders of homologation at the will and choice of the minor would lead to complications and consequences of most serious character and great injustice to the tutor. Appellant urges as her reason for having the order of homologation set aside that she would be freed on the trial of the final account from the burden of proof which would rest upon her, should she not have taken the intermediate step of having had the order of homologation set aside; but we think the burden of proof would be as great and imperative in order to set aside the order of homologation in the one case as in the other, the only difference being as to the time and place when the 'objections were urged. The statute declaring the order of homologation to be prima facie correct throws upon the minor seeking such tardy relief the burden of disproving in either mode the legal presumption affixed by the law itself to the order of homologation. The legal presumption of correctness covers the proceedings leading up to the order, as well as the conclusions of the court upon the matters submitted for adjudication. It was never contemplated by the lawmaker that this statute presumption should be borne down and overcome by a simple presumption resting purely upon the maxim or presumption “de non apparentibus,” based upon the certificate of a recently elected district clerk, who, in the very nature of things, could not certify to an actual state or condition of things existing at the time of the, rendition of the decree of homologation, but who at the utmost could certify to the state of the record as it existed at the time of giving the cer *379 tificate over 15 years alter the order was signed. The appellant seeks to have this •court reverse the judgment of the district court through an appeal “on the face of the papers,” in direct opposition to the legal statute presumption of correctness, and in opposition to the recitals of the decree itself, which recites that it was rendered by reason of the law and the evidence, also with consent and approval of the undertutor, the specially provided representative of the minor.
The proceeding in the district court was not ex parte, but' taken “contradictorily” with the undertutor. It is to be supposed that the relief granted to the minor was granted under circumstances such as would enable the tutor by evidence to support the legal presumption of the law, and to resist any attack made upon the provisional account, and not allow him to set aside the decree simply on the face of the papers.
The minor is entitled, on reaching majority, to rule the tutor to a final account, which should be full and complete, covering the entire period of the tutorship, supported by vouchers, which account the minor has the right at that time to question, and to sustain by appeal on the whole account. He is entitled at that time to only one single account and one single appeal, not 15 or 20. The article of the Code of Practice which appellant invokes (article 593, Code Prac.) in postponing the commencement of the running of prescription to the date of the “final judgment” indicates that all the issues between the minor reaching the age of majority and his tutor are to be submitted and determined at one and the same time. Rev. Civ. Code, arts. 356, 357, 361; Code Prac. arts. 593, 565, 566, 1004; Succession of Von Hoven, 46 La. Ann. 921, 15 South. 391; Succession of Francez, 49 La. Ann. 1739, 23 South. 254.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the appeal as taken herein be dismissed, under reservation of appellant’s right to call her tutrix to a full, complete, final account of her entire gestión as tutrix, and on the filing of the same to question its correctness by and through oppositions to the same, and to sustain her objections, if not sustained by appeal.
BREAUX, C. J. I concur in the decree.
MONROE, J.
I concur in the decree on the ground that the creditors who appear on the account in question are not made parties to the appeal and that said account is not an account of tutorship, but of administration.
LAND, J, I concur for reasons stated by MONROE, J.
PROYOSTY, J.,
concurs in the decree, but for the reason that, the account having been one, not of tutorship, but of administration of the succession, the creditors of the succession were parties to the judgment homologating it, and therefore should have been made parties to the appeal, and were not.