On Motion to Dismiss the Appeal.
NICHOLLS, J.
On March 6, 1907, Walter J. Durand filed a petition in which he aver *387 red that he was the attorney at law of Mrs. Rosemond Theriot, widow of Rosemond Ther-iot; that he was employed by hér upon a contingent fee of 50 per cent, of her community property in the succession; that she had since died; that the district court in Iberia parish had recognized by judgment that the property of the succession was community property; that therefore he had an actual liquidated interest in the judgment rendered in favor of Ira H. Knight on the 13th of May, 1906; that said judgment is contrary to the law and the evidence; that petitioner was aggrieved thereby, and desired to appeal therefrom devolutively to the Supreme Court; that he was a part appellant in the appeal (which had been) dismissed on account of the record having been filed too late to the extent of $300 due him by the other heirs, but he had not at any time appealed by virtue of the interest which he was advancing in the petition he was then presenting.
In view of the premises, he prayed for an order of appeal devolutive returnable to the Supreme Court; that the return day be fixed by the court, and also the amount of the bond, bearing in mind that the transcript had already been made and filed, and that no other was necessary. He prayed for citation on all parties in interest and particularly Ira H. Knight, his wife, and L. T. Du-laney. On the 8th of March, 1907, the district judge at chambers granted a devolutive appeal as prayed for to the Supreme Court, returnable on the 25th of March, 1907, according to law, upon his furnishing bond in the sum of $50. The court ordered that a copy of the petition and order and a citation of appeal be served upon all the parties in interest, and particularly Ira H. Knight, his wife, and L. T. Dulaney. This order of appeal was filed on March 12, 1907.
On the 13th of March, 1907, Durand filed in the district court an appeal bond under the order of appeal which had been granted for $50 as required.
On the 14th of March a citation of appeal directed to Ira H. Knight, administrator of the succession of Rosemond Theriot, was served upon Knight, administrator.
On March 25, 1907, the transcript in the matter of the appeal so granted was filed in the Supreme Court and docketed under the No. 16,559. On May 23, 1907, the Supreme Court on motion of appellant suggesting that the transcript of appeal begins where the transcript of the proceedings filed in the succession of Rosemond Theriot ended ordered that “the transcript of that succession already filed be considered part of the record of the present appeal on the hearing and consideration thereof.”
On April 24, 1907, Ira H. Knight, administrator of the succession of Rosemond Ther-iot, filed a motion in the Supreme Court, praying that the appeal be declared illegal and dismissed for the reason that the order of appeal which had been granted was rescinded by the district judge before his jurisdiction had been divested as would appear by a certified copy of the judgment which he declared he annexed to his motion.
The copy so annexed is of a judgment of the district court rendered and signed in open court on the 5th day of April, 1907. From this copy it appears that the judgment was rendered on a rule taken by Ira H. Knight, administrator in that court, on Du-rand, appellant, to show cause why the ex parte order for a devolutive appeal granted on the 8th day of March, 1907, should not be rescinded and set aside, upon the ground that same was illegal and was imprudently granted. The judgment declares that the rule was taken up for trial on the day assigned and the law and the evidence being in favor of the plaintiff in rule and against defendant, and it appearing that said rule was taken in due time and before the appeal had *389 been perfected by bond and citation of appeal, and that the appellant was- without interest, and that the judgment from which the appeal was sought to be taken had become final as to all parties after appeal taken and dismissed in the Supreme Court, it was therefore ordered and decreed that the rule taken be made absolute and the order of appeal granted on the 8th of March, 1907, be rescinded and set aside.
In the brief filed on behalf of the administrator of Theriot he informed the court that Durand had appealed from the judgment vacating, as has been stated, the order of appeal which had been granted on the Sth of March, and that the administrator had moved to dismiss this last appeal on the ground that there was no amount shown to vest jurisdiction and no citation upon necessary parties. In view of the existing situation, he suggested that the court delay taking action in the matter presently before the court until the last appeal should be reached and disposed of. In the brief filed by Durand in opposition to the motion to dismiss the appeal, he urges that the judgment rescinding the appeal was rendered after his bond had been filed and all legal requisites fulfilled.
The court acted upon the suggestion made. The matter of the last appeal has since been submitted to us and decided this day; the court holding that the action of the district court, vacating the order of appeal which it had granted to Durand, was erroneous and setting it aside. 45 South. 285.[1] The effect of that decision is to leave the question as to what disposition should be made of the present appeal a matter to be disposed of by this court. We have seen that the administrator of the succession of Theriot has moved to dismiss it.
It is proper and necessary for a decision of that motion that the situation of affairs in that succession should be examined.
It appears that the succession of Rose-mond Theriot was placed under administration with Ira Knight as its administrator. The assets consisted of $3,000 in cash. He had married a widow (Leonide Dubus), who had one son. There was no issue of the marriage between Theriot and Mrs. Dubus. His heirs wore numerous collateral relatives. The administrator filed a final account of administration. He dealt with the $3,000 as belonging to Theriot individually, and charged himself with that amount. He presented a number of claims as debts to be paid from the fund, among them two amounts as due by the succession to himself, and one as due to Mr. L. T. Dulaney, as attorney for the succession. The heirs of Theriot represented by W. J. Durand, opposed these claims as being not due and prescribed, and, besides, as excessive. Durand individually made a similar opposition, by reason, he claimed, of having an interest in the fund in the hands of the administrator, for his fee as attorney for the heirs. Mrs. Theriot died after the opening of the succession. Her son, S. A. Dubus, filed two oppositions to the account as heir of his mother. He urged that the cash in the hands of the administrator belonged to the community between Theriot and his mother, and that he was entitled to one-half thereof.
He additionally opposed the claims presented in the account on the same ground as the heirs had done. In his second opposition he claimed to be a creditor for the sum of $600 as a creditor of that part of the community which belonged to Rosemond Theriot by reason of his step-father owing his mother that amount of money. The district court rendered judgment decreeing that the sum of $3,000 in the hands of the administrator was an asset of the community between Rosemond Theriot and his wife, Leo- *391 nide Miguez (Mrs. Dubus), and that S. A. Dubus was entitled to one-balf of said amount after tbe payment of all debts recognized and ordered paid by tbe judgment of homologation; that the other oppositions filed by S. A. Dubus be dismissed and rejected. It dismissed and rejected the oppositions of all the other opponents. It reduced the claims of Ira H. Knight set up in the account, and, after so reducing them, recognized the balance of the same. It recognized as due the other debts set up in the account, and ordered them to be paid.
S. A. Dubus was represented by W. J. Du-rand as his counsel in these proceedings. The heirs of Rosemond Theriot and S. A. Dubus appealed from the judgment, but appellants, having filed too late the transcript of appeal, their appeal was dismissed, and the judgment of homologation has become final. Succession of Theriot, 118 La. 648, 43 South. 265.
The present devolutive .appeal was applied for and granted as hereinabove stated. The only citation of appeal which appears in the transcript was a citation to Ira H. Knight, administrator of the succession of Rose-mond Theriot, by service made on him as such on the 14th of March, 1907.
With a view of establishing his interest to appeal herein, appellant filed in this court an agreement entered into between himself and Mrs. Dubus, wherein the latter agreed that she should petition the court to be put in possession of one half of the community estate to which she was justly and truly entitled, and apply for the usufruct of the other half to- which she was likewise entitled, in which event she would take her $1,-000 out of this estate of $3,000 and turn over the remainder, less the share of the parties then represented by W. J. Durand, upon their giving her a full acquittance therefor. She further agreed that the foregoing agreement should be carried out by W. J. Du-rand, the attorney in the case, to the best of his ability, including the distribution of the' money as specified above; that her aforesaid attorney was to retain as his fee herein one-half of whatever amount collected. Appellant seeks to have the judgments in favor of Ira H. Knight individually and of L. T. Dulaney reversed without the parties interested having been made parties to the appeal.
The objection to the appeal based on the want of proper parties is well taken. Succes of Guillebert, 117 La. 372, 41 South. 654, and authorities cited. In addition to this, appellant is not in a position to contest the judgment which has now become final. His interest in the subject-matter was and is subordinated to and contingent upon the interest of Mrs. Dubus therein. That interest was advanced in its entirety by the heir of that lady represented by appellant as his counsel. Noble v. Flower, 36 La. Ann. 740; Hargrave v. Mouton, 109 La. 533, 33 South. 590. In advancing the rights of his mother he was in so doing representing the interest of Mr. Durand. Johnson v. Weld, 8 La. Ann. 128; Glass v. Parish of Concordia, 113 La. 552, 37 South. 189; Vincent v. Philips, 48 La. Ann. 351, 19 South. 143. The existence and extent of Mrs. Dubus’ rights were put by her and her counsel to the test of a judicial investigation and fixed. If appellant were given now an appeal, the very same interest which had once been examined into and adjudicated upon would be given a second examination and a second decision thereon, and this at the instance of one holding through and under the person whose rights had been finally liquidated. The liquidation of the community between Theriot and his wife took place in the settlement of the husband’s succession. The wife was entitled to one-half of the community, but after payment of community debts. That was what she could and did recover. Durand under the agreement as *393 to his fee was to retain one-half of what was recovered. He could not recover in his own interest one cent other and more than she could.
We think the motion to dismiss is well grounded. This appeal is therefore dismissed.

 Ante, p. 383.