PRO YO STY, J.
The present litigation is over the division of a fee; the two plaintiffs, Corbett and Jouvenat, claiming one-third each and the defendant, Law, claiming one-half.
The judgment of the lower court was in favor of defendant. On a former appeal this court set it aside, and gave judgment in fa-, vor of the plaintiffs. On rehearing, the attention of the court having been called to the fact that Jouvenat had not appealed, and that the judgment could not be modified as between appellees, this court recast its decree, and affirmed the judgment in so far as not appealed from. Corbitt et al. v. Hanson et al., 124 La. 108, 49 South. 995. Thereupon Jouvenat took the present appeal; or, rather, his trustee in bankruptcy has taken it.
Defendant and appellee, Law, has moved to dismiss the appeal on several grounds, which we now take up in regular order.
First. That there has been no citation of appeal. True, the transcript originally showed none; but it has been corrected in that respect by certiorari.
Second. That the appeal has been taken by a person not a party to the suit, and without capacity, interest, or authority to appeal in the case. There is in the transcript an order of the referee in bankruptcy directing the trustee to take the appeal. This we think shows sufficiently the authority of the trustee.
Third. That only one appeal can be taken in a case. That the first appeal exhausted the right of the plaintiffs to appeal. Inasmuch as relief could not be extended to Jouvenat on the first appeal, although the judgment against him was held to be wrong, it stands to reason that he must be allowed the present appeal; otherwise the relief by appeal to which every litigant is entitled to by law would be denied him. The constitutional right of appeal would be denied. So long as the jurisprudence by which a judgment cannot be amended as between appellees will stand, as many separate appeals will have to be allowed as there are separate interests aggrieved by the judgment. Where would be found the law against it? No law requires litigants to join in their appeals, nor *222 fixes any time, short of one year, within: which the litigant shall be bound to take his appeal. The decisions cited by the learned counsel of appellee dealt with cases where it had been possible to extend relief on the first appeal. In them the appellant had had his day in court — per alium, if not per se. The learned counsel for appellee has. cited the cases by book and page only, without giving their titles; but, strange to say .(about the first time such a thing has come within the observation of the writer in his more than ten years’ experience on this bench), this slipshod mode of citation has enabled the court to find all the cases intended to be referred to; that is to say, the figures (by some miracle) have all turned out to be right, every one of them. As a rule, most of them and sometimes all (by misprint or otherwise) turn out to be wrong; and the court has not the slightest idea what cases counsel had in mind. It would seem to us that, if a case is worth the trouble of citing at all, it ought to be worth the trouble of citing in a way that it will be likely to be brought to the attention of the court; that is to say, by title, as well as by book and page expressed in figures,'which generally turn out to be wrong.
The 7 Mart. (N. S.) 345, case is that of Lacroix v. Menard. After the parties to the suit had appealed the case, and the judgment' had been affirmed, third persons, not parties to the suit, sought to appeal the case a second time; and the court held that this could not be done.
The 42 La. Ann. 441, 7 South. 590, case is that of E. Conery & Sons v. Waterworks Co. and City of New Orleans. The city, by her answer, made common cause with the plaintiff against her eodefendant, the waterworks company, and judgment went in their favor annulling the city’s contract with the waterworks company. The company appealed, and the judgment was reversed. The city and her coplaintiff sued out. a writ of error in the .Supreme Court of the United States; and later the city sought to take an appeal from the judgment which had been rendered in her favor in the lower court and had been reversed by this court. Whether she could do so or not, said the court, depended upon whether she had been a plaintiff or a defendant in the lower court. And the court held that as she had changed sides, and joined the plaintiff, and become a plaintiff in the lower court, the effect of the first appeal had been to make her an appellee, and that, therefore, a second appeal could not be allowed.
The 48 La. Ann. 351, 19 South. 143, case is that of Vincent v. Phillips, Tutrix. In that case a vendor had sued the insolvent succession of Phillips for the rescission of the sale of an immovable because of nonpayment of the purchase price, and had obtained judgment, and a creditor of the succession had appealed from the judgment; and, after the judgment had been affirmed, another of the creditors of the succession sought to appeal from the judgment. This court held that the first appeal had been taken for the benefit of all the creditors of the succession, and was binding on them all.
The other case cited as “Moody v. Strain, 105 La. 309,” is that of State ex rel. Heintz v. Judge, etc., 105 La. 309, 29 South. 384. In it the appellant on the second appeal had been represented on the first appeal by her warrantor whom she had called in warranty to defend the suit.