On Rehearing.
LAND, J.
This appeal was taken by the trustee of Morris Jouvenat after the final judgment rendered by this court in the same case on the appeal taken by D. E. Corbett. Jouvenat was a necessary party to the former appeal, as he was interested in the contract which formed the subject-matter of the suit, and he was before the Supreme Court as one of the appellees. Jouvenat appeared by counsel and joined Corbett in a motion for a rehearing. As Jouvenat was a party to the suit and a party to the appeal, he is necessarily bound by the judgment of this court ordering the fund in dispute to be distributed between Corbett and Law.
After Jouvenat took the present appeal, this court by mandamus compelled the execution of the judgment in favor of Law. The defendants against whom Corbett and Jouvenat prayed for a money judgment admitted their liability under their contract with the plaintiffs and Law, and deposited the money in court. These defendants were discharged by the judgment below. The case as decided by the district court was a contest between Corbett, Jouvenat, and Law over the distribution of the fund which had been deposited in the registry of the court. This fund has been distributed under a final judgment of this court.
Jouvenat had an adequate remedy by appeal, but did not choose to exercise his right of appeal before final judgment on the appeal of Corbett. Being found by that judgment, Jouvenat cannot have the same reversed or amended on a subsequent appeal.
In Conery, Jr., et al. v. Waterworks Co. et al., 42 La. Ann. 441, 7 South. 590, it was held:
“A second appeal cannot be allowed from a judgment which had once been appealed in its entirety and disposed of in all particulars, and in all its legal effects and bearings.
“In an appeal taken by motion in open court, all parties to the suit who are not appellants are appellees, and all are concluded by the judgment rendered on the appeal.”
In that case the court cited Lacroix v. Menard, 7 Mart. (N. S.) 345, to the effect that a judgment of the Supreme Court could not be reversed by a subsequent appeal.
In Vincent v. Phillips, Tutrix, 48 La. Ann. 351, 19 South. 143, the court in concluding said:
“The best consideration we can give this case leaves us convinced that the appeal taken by the Metropolitan Bank must be taken to have settled the law of the case, and to have fixed the rights of all parties in respect to this suit, whether it be strictly and technically res judicata or not.”
In the same case, speaking of second appeals by parties to the first appeal, the court said:
“These appeals would be substantially nothing more nor less than rehearings of our original opinion, each appellant urging errors and attempting possibly to raise new points, or to more forcibly present those already made and passed on.” .
In State v. Judges, 105 La. 309, 29 South. 384, a defendant appealed, and a codefend.ant took a second appeal after judgment in the Supreme Court. Inter alia, the court said:
“The judgment of the district court was against the defendants. She suffered her codefendant, who was the warrantor of her title, and whom she had called on to defend it, to take the appeal alone, and evidently placed her reliance on his appeal as sufficient for both. We think all the issues involved were carried up by that appeal, and that, when Strain was cast on the appeal, he lost for her as well as for himself. * * * She has; had her day in court. She cannot now demand to re-open the case by a second appeal.”
The decisions cited above rest on the principle announced in Lacroix v. Menard, supra, that a judgment of an appellate court *226 cannot be reviewed on a second appeal. In that ease tbe court said:
“We do not believe that the Legislature intended to give more than one appeal from the judgments of inferior courts. * * * This application in truth is to obtain an appeal from our judgment, not from that of the court which decided the cause in the first instance. A decree of an inferior court, if opened by an appeal, remains so during its pendency; and, unless the appeal be dismissed, is never restored. If reversed, the judgment in the appellate tribunal could not be called the judgment of the court below. * * * We are of opinion we have no power to reverse our judgments in the ■way attempted here.”
The circumstances that a third party in interest applied for an appeal in the Lacroix Case cannot affect the general principles therein announced.
In the Conery Case, supra, page 448 of 42 La. Ann., page 593 of 7 South., the Lacroix Case was cited as applicable to an appeal by one of the parties to the suit; and the court said:
“It is clear that the language there used may, with perfect propriety, be applied to the effect now under discussion.”
Jouvenat had his remedy by appeal, but did not choose to avail himself of it. , In the appeal of his coplaintiff Corbett, Jouvenat occupied the attitude of an appellee making no complaint of the judgment below. His own laches in not appealing prevented the appellate court' from disturbing the judgment below as far as he was concerned.
It is therefore ordered that this appéal be dismissed with costs.
PROVOSTY, J., dissents.