**(127 So. 384)**

**Succession of RING.**

**No. 29041.**

March 5, 1930.

Hyman Mithoff, of New Orleans, for appellant Liberty Homestead.

F. Rivers Richardson, of New Orleans, for appellee administrator.

Motion to Dismiss.

LAND, J.

The judgment homologating the provisional account filed by the administrator of the succession of John Butler Ring is of date September 3, 1926.

On August 26, 1927, the Liberty Homestead, formerly the German American Homestead, filed in the lower court a petition for a devolutive appeal from this judgment, asserting that it is a creditor of the estate for the sum of $4,633.37, that this indebtedness is secured by vendor's lien and special mortgage, and that its claim had not been recognized in the provisional account filed.

The account which was presented for homologation was not opposed, and shows five parties as creditors of the estate, exclusive of the administrator. This account having been homologated on September 3, 1926, it is apparent that the creditors appearing thereon have long since been paid, and that the funds of the estate have been distributed to the creditors in accordance with the account.

It appears from the petition of appeal that demand was made for the citation of the appeal to be served on the administrator alone, who has filed a motion to dismiss the appeal because the creditors of the estate were necessary parties, and were not made parties to the appeal.

Although the account in this case is denominated a provisional account by the administrator, it is in effect final, as it sets forth all of the liabilities and assets of the succession of John Butler Ring, and, after payment of debts, shows a balance of $7,500 on hand, which is distributed one half to the widow in community and the other half to the attorney for the administrator as a fee.

It is well settled that, where a devolutive appeal has been taken from a judgment homologating an administrator's final account, the creditors who have been paid their claims upon that account are necessary parties to the appeal, and that this court, in the absence of proper parties, will dismiss the appeal. Succession of Duco, Man. Unrep. Cas. 229; Succession of Treadwell, 38 La. Ann. 260; Succession of Guillebert, 117 La. 372, 41 So. 654; Succession of Theriot, 120 La. 386, 45 So. 286; Succession of McCausland, 21 La. Ann. 2; Succession of Perret, 17 La. Ann. 302.

It is therefore ordered that the appeal be dismissed.

ROGERS, J., takes no part.