EASTERN DIST.
May, 1839.

HOOKE
vs.
HOOKE ET AL.

The sale by the sheriff is the last act under the judgment and execution, and fixes the condition of the purchaser under it.

When a sheriff's sale, purported to transfer all the right title and interest of a particular defendant in execution to the purchaser, and it appears this defendant was not a party condemned in the judgment by name, and was not in fact the true owner of the property seized, the sale was held to be bad and conveyed no title.

| 14L  22
. 46  1364'
14L  22
49  1183

HOOKE *vs.* HOOKE ET AL.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF NEW-ORLEANS.

An action for a partition and a judgment, in the Court of Probates, fixing the rank and portion of heirs, inheriting a succession, is *res judicata* when not appealed from, and no one of them can be deprived of his share in a subsequent suit.

Where two out of six of the heirs of the whole blood die, after the inherit-
ance is fixed, leaving an heir of the half, she will succeed to one-tenth of
the succession of their common mother.

If the heir is born and resides in Louisiana, the proceeds of property
situated in the state, sold to effect a partition *are real*, and will descend
to the heir according to our laws.

A licitation made to effect a partition is not a sale as *between the heirs*, and
does not change the character of the thing to be partaken. The pro-
ceeds of real estate represent it, and are *realty*.

This action is a contestation growing out of a partition
ordered by a former judgment of the Court of Probates, from
which this appeal comes. In that suit all the present per-
sons were parties, and recognized as co-proprietors of the pro-
perty to be divided, their rank as heirs fixed, and the case
referred to a notary public.

In this stage of the proceedings, the six children of Hooke
and wife, made opposition to the claim and rank of Jane
Butler Browder, as heir of the half blood, and alleged she
was wrongfully acknowledged as such heir, and that she
should be excluded from the inheritance of the estates of
Moses and Harriet Hooke.

In answer, it is contended, that two of the maternal bro-
thers have died, and that she (a sister of the half blood) is to
inherit from them the legal proportion corresponding to her
relationship.

The facts of the case are as follows :

"On the 6th of April, 1821, Moses Hooke, being then mar-
ried to Harriet Hooke, purchased the lot in St. Charles-street,
on a credit. They lived at the time in the state of Missis-
sippi. Moses Hooke died in the said state, in the year 1821,
leaving his widow and six children. She paid for the lot
out of her own property, but charged it to the estate of her
deceased husband, against which there was a large balance
in her favor, which she recovered.

She married Frederick A. Browder, in 1826, and died in
1830, leaving a child, Jane Butler Browder, by the last
marriage.

In 1833, suit was brought by one of the heirs by the first marriage, Mrs. Shepherd, against all the others, for a partition of the property in Louisiana; Jane Butler Browder, the child by the second marriage, is acknowledged to be an heir in the petition on the 15th of March, 1836: the property in St. Charles-street was sold by the Register of Wills, to James Armor, for twenty-two thousand one hundred dollars, one-fifth for cash, and the balance at one, two and three years, for endorsed notes, secured by mortgage.

Two of the heirs by the first marriage have since died in Mississippi, Wm. B. Hooke, on the 26th September, 1837, and Richard B. Hooke, on the 1st September, 1837.

How are these twenty-two thousand one hundred dollars to be divided?

It is already decided by a decree of this court, on the 4th of April, 1834, that the property described in the petition and above mentioned, is owned in common by all the parties named in this controversy, and that they have the right to partition. The controversy, as regards the pretensions of Jane Butler Browder, is, therefore, settled by this judgment, which has become *res judicata*.

The only question for the court to decide is, as to the right of *accretion* claimed by Jane Butler Browder, by reason of the death of her said brothers. This point is settled by the provisions of the Louisiana Code, articles 1700 and 1701, which by analogy, apply to the present case; it being shown by the proceedings, that the property could not be divided without deterioration, and that the proceeds representing the same were deposited in court, and undivided at the death of the said brothers. The authorities given from the law of Mississippi and from Story on Conflict of Laws, are not considered applicable to the present controversy. The property to be divided, representing, to all intents and purposes, a real estate, on the distribution of which foreign laws cannot interfere; and the court proceeding to make a partition of the said sum of twenty-two thousand one hundred dollars ($22,100) among the parties, in the manner pointed out in the article of the Louisiana Code, it is ordered, adjudged

and decreed, that the sum of eighteen hundred and forty-one dollars, and sixty-six and two-third cents be, and is hereby allotted to each and every of the six children of the late Moses Hooke, out of the succession of the said Moses Hooke, their father; that the sum of fifteen hundred and seventy-eight dollars and fifty-seven and one-seventh cents be, and is hereby allotted to Jane Butler Browder, and the like sum to each and every of the children of the said Moses Hooke.

And, whereas, by this distribution, the sum of eighteen hundred and forty-one dollars, sixty-six and two-third cents, and the further sum of fifteen hundred and seventy-eight dollars and fifty-seven and a half cents allotted to each and every of the children of Moses Hooke, would devolve upon the two deceased maternal brothers, and that the same are to be divided among the surviving brothers and sisters, in the manner prescribed by the 909th article of the Louisiana Code. It is furthermore ordered, adjudged and decreed, that the said amount forming the total sum of six thousand eight hundred and forty dollars and forty-seven cents be distributed in the manner following, to wit : the sum of seven hundred and sixty dollars and six cents, to be allowed to Jane Butler Browder, and the sum of fifteen hundred and twenty dollars and twelve cents to each and every of the surviving children of the late Moses Hooke, and that the costs of suit be paid by all the parties to this controversy in proportion to their interest in the succession.

From this judgment, three of the heirs appealed against the allowance to Jane Butler Browder, of the half-blood.

*Hennen,* for the appellants.

*Preston, contra.*

*Rost, J.,* delivered the opinion of the court.

In 1821, Moses Hooke, being then married to Harriet Hooke, and residing with her in the state of Mississippi, purchased, on credit, certain vacant lots in the city of New-Orleans. He died in the course of that year, leaving his

EASTERN DIST.
*May*, 1839.

HOOKE
*vs.*
HOOKE ET AL.

An action for a partition and a judgment in the Court of Probates, fixing the rank and portion of heirs inheriting a succession, is *res judicata*, when not appealed from, and no one of them can be deprived of his share in a subsequent suit.

widow and six children. The widow paid for the lots, but was reimbursed by the succession of her husband. She married Frederick A. Browder, in 1826, and died in 1830, leaving a child, Jane Butler Browder, by her last marriage. Browder and his wife, in their lifetime, resided in the state of Louisiana, and their daughter has continued to reside in the state since their death.

An action was instituted by one of the heirs of the first marriage, against the others and Jane Butler Browder, for a partition of the town lots aforementioned. Jane Butler Browder, was admitted to be one of the heirs in her mother's half, and the decree of the Court of Probates recognized her as such. That decree never was appealed from. The lots were sold under it, and after the sale, the parties were referred to the notary to proceed in the partition.

In this stage of the proceedings, some of the children of the first marriage instituted an action against the tutor of Jane Butler Browder, alleging that she was not one of the heirs ; and that the said lots of ground were not community property, never having belonged to their mother. Mrs. Shepherd, one of the heirs of the first marriage, to her credit be it said, joined the minor and resisted the pretensions of her brothers and sisters. The court of the first instance, determined that so long as the decree of partition recognizing the lots as community property, and acknowledging Jane Butler Browder as one of the heirs in her mother's share, remained in force, it formed *res judicata* between the parties, and fixed their rights irrevocably.

Where two out of six of the heirs of the whole blood die, after the inheritance is fixed, leaving an heir of the half, she will succeed to one-tenth of the succession of their common mother.

If the heir is born and resides in Louisiana, the proceeds of the property situated in the state, sold to effect a partition *are real*, and will descend to the heirs according to our laws.

The decision is well founded in law, and has moreover the advantage of doing justice between the parties, a result which would have been more creditable to the plaintiffs in that case, if it had originated in their own sense of right.

Two of the six children of the first marriage having since died, Jane B. Browder claims, as the heir of the half blood, one-tenth of their succession. The Probate Court allowed it, and we think justly. She was born and resides in the state of Louisiana, and the proceeds of the property sold are real, and must descend to the heirs, according to our laws.

The licitation made to effect a partition, although it vested the title in the purchaser, was not a sale as between the heirs; it was merely one of the acts of the partition. That act did not change the nature of the property to be divided, and as the children of the first marriage died while that property still remained in a state of indivision, the rights of the defendants were the same, as if no licitation had taken place.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

EASTERN DIST.
*May*, 1839.

ALLARD ET AL.
*vs.*
ORLEANS NAVI-
GATION CO.
A licitation
made to effect a
partition, is not
a sale as *between
the heirs*, and
does not change
the character of
the thing to be
partaken. The
proceeds of real
estate represent
it, and are *realty*.

