HENRY B. HOLMES v. C. H. DABBS.

Although the grounds of an exception be vaguely and indefinitely set forth, yet where they are suffi-
ciently certain to apprise the plaintiff of the nature of the legal bar intended to be pleaded against his
demand, evidence is admissible to sustain them.

Where property has been adjudicated, upon the death of the husband, to the wife, as the surviving
spouse in community, on the advice of a family meeting, homologated by the decree of a court of
competent jurisdiction, and where the child of the deceased was a party to the proceedings, and
represented in the mode pointed out by law, such adjudication is conclusive upon the child as a
party to the proceedings, until it shall be reversed or annulled, either by appeal or by a direct
action of nullity.

APPEAL from the District Court of the Parish of Ouachita, *Richardson*, J.
*John T. Ludeling*, and *Isaiah Garrett*, for plaintiff and appellant. *F. P.
Stubbs* for defendant. *McGuire & Ray, F. P. Stubbs*, and *Morrison & Purvis*,
for warrantor.

LAND, J. This is an action of partition. The plaintiff alleges, that he is the
legal owner of one undivided half interest in certain slaves in the possession of
the defendant; that, as sole heir to his father, *Hardy Holmes*, he inherited said
one undivided half interest, and that his title to the slaves has never been
divested.

The defendant, in his answer, denied the alleged title of the plaintiff to the
slaves, and called his vendor, *Mrs. Julia C. Holmes*, the plaintiff's mother, in war-
ranty, to defend his title.

The vendor, *Mrs. Holmes*, appeared on the call in warranty, and filed an excep-
tion to the plaintiff's demand, on the following grounds:

First. " The property claimed by the plaintiff was held in common between
the father of the plaintiff and this appearer, his wife, at the time of the death of
the said *Hardy Holmes*, through whom plaintiff claims. If plaintiff has any legal
claim to any of said community property, it is to such an undivided half interest
as may be left after the payment of the debts of said community, and settlement
of the same, which has not yet been done, if the adjudication of the interest of
plaintiff to this appearer is not legal; and until such settlement, plaintiff cannot
maintain a suit for any particular price, or part of said property."

Secondly. " That debts of said community having been paid by this appearer,
upon the adjudication of the community property to her, if said adjudication is
illegal, (which is denied), plaintiff can in no event maintain his suit, until he
refunds to this appearer one-half of said community debts, which he has not
offered to do."

Thirdly. " That plaintiff cannot maintain any suit against defendant, until he
has caused the judgment of adjudication of the property to this appearer to be
set aside by a direct action, which has not been done."

On the trial of this exception, the plaintiff reserved a bill of exceptions to the
introduction of the evidence offered by the warrantor to prove that there had
been no settlement of the community, that debts of the estate had been paid by
her, and that there had been an adjudication to her of the property,—on the
ground, that no evidence could be received under the exception, in consequence
of the vagueness of the allegations contained in it.

It is true, that the grounds of the exception are vaguely and indefinitely set

HOLMES
*v.*
DABBS.

forth, but they were sufficiently certain to apprise the plaintiff of the nature of the legal bar intended to be pleaded against his demand, and the evidence to sustain them was not improperly received on the trial below.

The evidence adduced in support of the exception, establishes that the slaves demanded in this suit were adjudicated to the warrantor, *Mrs. Holmes*, as the surviving spouse in community of *Hardy Holmes*, (and who was also the natural tutrix of the plaintiff,) on the advice of a family meeting homologated by the decree of a court of competent jurisdiction; that to these proceedings the plaintiff was a party, and represented in the mode pointed out by law, that is to say, by and through his under-tutor.

This decree is conclusive upon the plaintiff *as a party to the proceedings*, until it shall be reversed or annulled in one of the modes pointed out by law, that is to say, by appeal, or by a direct action of nullity.

The decree protects the title of the surviving spouse, and its validity cannot be enquired into collaterally. Whatever irregularities may have preceded the decree, they can only be inquired into and passed upon in a direct action to annul the judgment. 1 Hennen's Dig., verbo Judgment, p. 811, Nos. 2 and 4; *Lalann's Heirs* v. *Moreau*, 13 La. 431.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.