No. 7794.

32 409
49 1043

G. B. SHIELDS ET AL. VS. P. W. CHASE, TAX-COLLECTOR, ET AL.

The failure of the attorney of a police jury to make all of the defenses to a suit that might have been made, cannot be considered as making the judgment subsequently rendered in the suit a confession of judgment by the police jury.

The question of the validity of certain scrip on which a formal judgment was recovered against a police jury cannot be considered in a subsequent suit brought by taxpayers to enjoin the collection of taxes legally levied to pay the judgment by order of the court which rendered it.

The repeal of the law authorizing a court to order the police jury of a parish to levy a tax to pay a judgment rendered by it, does not affect judgments rendered previous to the repealing act. 31 An. 765, affirmed.

The law of 1872, restraining police juries from levying a tax for parochial purposes, for any year, exceeding the 100 per centum of the State tax of that year, did not, previous to the 10th of April, 1877, affect the power of a court to order the levy of larger tax, necessary to pay a judgment rendered by it.

The action to annul a judgment is prescribed by one year from the date of the judgment.

APPEAL from the Thirteenth Judicial District Court, parish of Concordia. *Hough, J.*

Wade R. Young for plaintiffs and appellants:

First—That the plaintiffs were properly joined, having a common interest, and that the Supreme Court has jurisdiction of the case. 29 An. 105; 31 An. 765; 23 American Reports, 414; 6 Wall. 196; 7 Howard, 624 ; 24 Howard, 451.

Second—That the confession of judgment by the police jury being beyond their power, was null and void, and hence that the prescription of one year was not applicable to a suit to annul the judgment. Such a judgment cannot have the force of *res adjudicata.* C. C. 439 ; 23 An. 191 ; 24 An. 457 ; 26 An. 59 ; 27 An. 320 ; 28 An. 343 ; 30 An. 461 ; Henn. Dig. p. 833, I (6) No. 9 ; Dillon on Munic. Cor. sec. 371 ; 5 An. 218 ; 29 An. 599 ; C. P. 604–6–8.

Third—That police juries cannot contract a debt without at the same time providing means to pay it, Rev. Stats, 1870, sec. 2786 ; nor levy a tax after the acts No. 42 of 1871 and No. 17 of 1872, to pay the general expenses of the parish, to exceed four mills per centum of the assessed value.

Owen Mayo, parish attorney, and John S. Boatner for defendants and appellees.

The opinion of the court was delivered by

MANNING, C. J. The plaintiffs are taxpayers of the parish of Concordia who have enjoined the collection of taxes, levied to pay a judgment rendered in favor of Peter Young for over nine thousand dollars against that parish, and seek to have it annulled. Young's judgment was rendered April 5, 1877. Service of process in this suit, or its equivalent, was made September 2, 1879. The prescription of one year is pleaded. In Stevenson v. Weber, 29 Ann. 105 we applied that prescription to a similar case, but granted relief against the assessments to pay the judgments because of illegalities therein pointed out.

The plaintiffs however proceed on the theory that the judgment of Young is absolutely null and void because it was a consent judgment rendered upon the confessi:n of the police jury, and upon evidences of debt issued in violation of prohibitory laws. Rev. Stats., sec. 2786, and the revenue acts of 1871 and 1872. These prohibitions forbid police juries contracting any debt without providing at the same time for its payment, and limit parochial taxation to one hundred per centum of the State tax.

The record does not sustain the statement that the judgment was rendered on the confession of the police jury, or by its consent. An answer of general denial was filed. Testimony was introduced and judgment followed upon the proof. The words, confession of judgment, have a recognised meaning in law, and are certainly not well employed here. It is conceded that on Young's agreeing to a compromise, by which accrued interest was remitted and the payment of future interest deferred and the debt divided in installments, it was at one time intended to enter a judgment by consent, but this project was abandoned and the case regularly tried. It is said that the attorney for the police jury failed to make the defences which were open to him, and which were those now urged in this action to annul, viz. the inherent nullity of the obligations sued on. But failing to make all defences that might be made to a suit, or defending it incompletely, cannot be considered as confessing a judgment. There is no need therefore to invoke the authority of Parker vs. Scogin, 11 Ann. 629, upon that point, where it was held that a judgment, confessed by the police jury, is *res adjudicata* against each individual taxpayer, since here there was no judgment confessed, but that case also decides the question of prescription in favor of the defendant, and we held the same in Stevenson's case above cited.

It is obvious then that we cannot consider the question of the validity or illegality of the scrip since the judgment is conclusive on that

matter. There can be no reason why judgments against police juries should not be subjected to the same rule as other judgments. The jury represent the parish, its property owners and tax owers, and these latter must be concluded by a judgment, rendered by a court upon evidence and issue joined, and without collusion.

At the time this judgment was rendered the law directed the judge to order the assessment and levy of a tax to pay it, and this was complied with in the present instance. That law was not repealed until April 10. Sess. Acts 1877, p. 87. We have already ruled that this repeal cannot affect judgments rendered previous to the repealing Act, because a vested right in the judgment had been acquired, and it was as much beyond the power of the legislature to emasculate the judgment in that particular as in any other. Shields v. Pipes, 31 Ann. 765.

The scrip or parish warrants were issued in the years 1873–1877 inclusive. Except the last year, when a tax of ten mills on the dollar's valuation of property was legalised, the maximum rate was four mills, and it is admitted that the police jury in each of those years levied taxes at a rate in excess of four mills. In 1874 the rate was ten mills— in 1876 it was fourteen and a half mills, and was manifestly beyond the power of the police jury to levy for parochial purposes under the restrictive law of 1872. Lafitte v. Morgans, 29 Ann. 1. But the statute empowering a court to order a tax to be levied for the payment of a judgment was also in force, and was a special means provided for the satisfaction of judgments, independent of the action of the police jury. The law restricting the rate of taxation was designed as a curb on the jury in their expenditures—in checking extravagance and preventing waste of the public moneys. The law providing that a judgment against a parish shall be satisfied by the collection of a special tax gave to the judgment creditor the means of enforcing his judgment without regard to the action of the debtor. The two may well co-exist.

While it is true that any excess of taxation over four mills, levied by the police jury for parochial purposes between 1872 and 1877, is illegal under the restrictive act of the first named year, unless for the purpose excepted therein or unless the tax is for a special purpose sanctioned by law, e. g. for roads and bridges—it is also true that, when this judgment was rendered, the parish assessors might lawfully be ordered to assess and the tax collector to collect a tax sufficient to pay the judgment. It is the exercise of this power by the collector, under the judgment, that is enjoined, and not the levy by the police jury of a tax in excess of four mills for ordinary parochial purposes. The lower court dissolved the injunction.

Judgment affirmed.

Rehearing refused.