Broussard vs. Broussard.

## No. 1394.

### CLEOPHAS BROUSSARD VS. AMELINA BROUSSARD.

1. A certificate of entry issued under the United States Homestead Law vests in the holder a sufficient title to support a petitory action.

2. Where, in a petitory action between a party claiming land under a certificate of entry and another claiming title under a patent from the State, final judgment is rendered in favor of the latter and against the former, such judgment will be *res judicata* against another action to recover the same land under a United States patent subsequently issued based on the same certificate of entry, when the parties to the suit are the same.

APPEAL from the Twenty-fifth District Court, Parish of Vermilion. *Mouton, J.*

*H. C. Castellanos* for Plaintiff and Appellant.

*White & Broussard* for Defendant and Appellee:

1. Title is vested by a certificate of entry, and under such certificate the land enters fully into the domain of private property, and becomes subject to contracts; and such certificate is sufficient evidence of title to support a petitory action. 35 An. 931; 4 N. S. 260; 10 L. 159; 11 L. 321; 19 L. 334; 4 An. 262; 5 An. 197; 9 An. 137; 13 Peters, 436; 3 Howard, 461.

2. Where a judgment is rendered against a party claiming land under a certificate of entry, such judgment will constitute *res adjudicata*, and bar another action to recover the same land under a patent subsequently issued based on said entry, when the parties to the suit are the same, or legally identical. 35 An. 931; C. C. 2286.

The opinion of the court was delivered by

FENNER, J.    Prior to 1880, the present plaintiff, Cleophas Broussard, was in possession of the tract of land here in controversy under a certificate of entry issued by the register of the United States Land Office pursuant to the Act of Congress approved May 20, 1862, " To secure Homesteads to actual settlers on the Public Domain."

Désiré Thibodeaux (who died during the pending of the suit and was succeeded as party thereto by the present defendant as his widow and natural tutrix of their children) brought a petitory action against Cleophas Broussard, claiming title to the land by virtue of a State patent issued in 1858 under the provisions of the Act of Congress of 1849, known as the swamp land act.

Cleophas Broussard joined issue denying the title of Thibodeaux and asserting his own inchoate title under his homestead entry and certificate.

The case was decided against Cleophas and in favor of his adversary, and, on appeal to this court, the judgment was affirmed.

Reference to our decision, which is reported in 32 An. 882, will show what the issues were and how they were decided.

The sole question was whether the land in controversy was included within the lands which had been duly selected, approved and confirmed and conveyed by the United States to the State of Louisiana, under the provisions of the Swamp Land Act of 1849.  If so, the State patent, under which Thibodeaux claimed, was valid and conveyed good title which could not be affected by subsequent entry and settlement under the United States Homestead Act of 1862.   If not, then the State patent was void and the Homestead entry was valid.

This question was finally tried and determined, and we decided that this land was embraced within the land selected, confirmed and conveyed to the State under the Swamp Land Act; that the State patent conveying title thereto was valid and effective, and that the subsequent entry and settlement under the United States Homestead Act were without effect.    Under this judgment (presumably) the present defendant went into possession.

Since the decision of that case, Cleophas Broussard has applied for and obtained from the United States a patent for the same land,

based upon the same certificate of entry and settlement which he had set up in that suit.

Armed with this patent he brings the present petitory action, in which he again claims the same land.

He is met by the plea of *res adjudicata*, and from a judgment sustaining the same he prosecutes this appeal.

The two causes present, in our opinion, a complete identity of parties, of capacity, of object, and of cause of action. The only change of position that we can discover, arises from the fact that the plaintiff has obtained a patent from the United States, based upon the certificate of entry which he held and propounded in the former suit. But the patent is nothing more than a final confirmation of the right conferred by the certificate of entry. It merely completed and rendered absolute the divestiture of the title of the United State in favor of the holder of the certificate. But, whatever superior effect the issuance of the patent may have as between the certificate holder and the United States, it is plain that, as between the holder and third persons, the certificate conferred all the rights on the former which the patent could have done.

We have, heretofore, had occasion to announce this principle very emphatically, as follows:

"From repeated adjudications of our courts on the subject, we gather the settled doctrine to be this: That whilst a receiver's receipt or certificate is not of equal dignity with a patent, as showing the complete and absolute divestiture of the title of the government, yet that land, so held under the former, enters fully into the domain of private property; that such certificate of entry is sufficient evidence of title to support a petitory action; that the land is subject to taxation, unless reserved therefrom by special congressional legislation; that it is the subject of any kind of contract under the operation of our laws touching the rights of each and every class of persons in their various and manifold relations. 4 N. S. 260; 10 L. 159; 11 L. 321; 19 L. 384; 4 An. 262; 5 An. 197; 9 An. 137; 13 Peters, 436; 3 Howard, 461." Simion vs. Perrodin, 35 An. 931.

Plaintiff could not possibly have had any additional or greater rights in the former action under this patent than he had under the certificate. The question would still have arisen whether or not, under the swamp land act, the title to this land had finally passed from the United States to the State of Louisiana. If, as we held in

the former suit, the title had so passed to the State, it is manifest that no subsequent certificate or patent to the same land issued by the United States could avail against the vested title of the State and her patentees.   This was the controversy which was presented and determined between these parties by our former judgment; and the mere change in the form of plaintiff's title not in any manner adding to its legal sufficiency, can not change the nature of his cause of action or authorize him to reopen a thing adjudged against him.

As we have heretofore said: " Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called in question by the parties or their privies." Heroman vs. Institute, 34 An. 805.

And again: " It matters not under what form the question be presented, whenever the same question recurs between the same parties, the plea of *res judicata* estops. .Sewell vs. Scott, 35 An. 553.

Judgment affirmed.

Breaux, J., recuses himself.