## No. 11,731.

ROBERT F. CHOPPIN ET ALS. VS. THE UNION NATIONAL BANK.

The suit for partition calls on defendants to urge all defences on which they propose to rely, and the decree for the partition concludes them from any attack on the plaintiffs' title, the basis of their demand for the partition; hence, an injunction by defendants to stop the execution of the partition decree, the injunction obtained on the ground that the plaintiff had no title to demand the partition, will be dissolved. Civil Code, Arts. 1330, 2286.

APPEAL from the Twentieth Judicial District Court, Parish of St. James. *Guion, J.*

*Edward N. Pugh* for Plaintiffs, Appellants.

*R. N. Sims* and *Carleton Hunt* for Defendant, Appellee.

The opinion of the court was delivered by

MILLER, J. The plaintiffs seek to enjoin the sale of property decreed to be sold to effect a partition, by the lower court, and by

this court, on appeal in the previous suit of the Union National Bank vs. Choppin *et als.*, 46 An. 629. The defendant, with other defences, pleaded the judgment in the previous partition suit, to which the plaintiffs in the present injunction suit were parties, as *res judicata* precluding the plaintiffs' demand. The judgment of the lower court maintained the defence, dissolved the injunction, and plaintiffs appeal.

The Union National Bank derived its title to the property involved in this controversy under its judgment and execution sale in its suit against some of the Choppin heirs; the bank claiming to have acquired at the sale title to the extent of seventy-nine one hundred and twenty-seconds of the property. The partition suit following this sale was by the bank against those of the heirs of Choppin not parties to the bank's judgment, and whose interest in the property was not divested by the execution sale. The partition suit of the bank, of course affirmed its title acquired at the execution sale, that title being the basis of ownership by which the bank demanded the partition. Brought against the defendants as owners in common with the bank, the suit equally affirmed their title. Civil Code, Art. 1330. That suit resulted in a decree for the partition in the bank's favor against all the defendants. The plaintiffs in the present suit were included as defendants. The contention of the plaintiffs here is, that though parties to the partition suit, they are not bound by the decree, but are at liberty now when the bank is proceeding to execute the partition judgment to attack the title of the bank on which the partition decree was based.

The issue tendered by the bank in the partition suit was the title claimed by it under the execution sale. The defendants in that suit, the plaintiffs here, did not attack the title of the bank. They chose to defend on another ground. But none the less they are bound by the partition decree. That closed the controversy, so far as the bank's title is concerned. If they could reopen that controversy to urge defences such as they now present, there would be no end to litigation. In reaching this conclusion we give all the consideration it deserves to the suggestion that, disclaiming heirship in the partition suit, plaintiffs had no interest in raising any issue as to the bank's title. We think the partition suit called on defendants for all the defences of which the case was susceptible. Certainly if the bank had no title to demand the partition, that was the most obvious

defence. The defendant called on to meet the issue of title is not at liberty to have as many trials as the defences he may conceive to exist.

Our view of the defence of *res judicata* dispenses consideration of other issues sought to be raised by defendants.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed at plaintiffs' costs.