DAWKINS, J.
Plaintiffs seek to recover of defendants an undivided one-half interest in the following described property, situated in and near the town of Mansfield, in the parish of De Soto, to wit;
Beginning at a point on the west side of the continuation of Washington street of the said town, at the intersection of the continuation of the said street with the south boundary line of the old corporate limits of the said town of Mansfield as the same existed on the 13th day of October, A. D. 1905, and running thence south 3.32% chains; thence west 8.33% chains; thence north with road 3.32% chains, to the south boundary limits of the said town as of the said date; thence east, along the south boundary limits of the said town as of said date, 8.33% chains, to the place of beginning; together with the buildings and improvements thereon.
They attack a certain partition proceeding in which their one-half interest in said property was sold while they were minors upon the following grounds:
(1) That W. N. Cunningham, who alleged himself to be the owner of the other undivided half interest in said proceedings, was without right or interest therein;
*265 (2) That In the proe6s verbal or sheriff’s deed by which it was attempted to convey the interest of petitioners to the said Cunningham none of their interests were transferred, but only the interest of their tutor, B. F. Samuels, Sr.;
(3) That no special tutor ad hoc was appointed to each of said minors in said proceeding, as required by law;
(4) That there was no legal advertisement of said sale; and
(5) that the proceeds of the interest of plaintiffs in said property were not paid into the hands of their proper legal representative, as required by law.
They also ash that their legal mortgage, resulting from the recordation of the extract of inventory against the interest of their father and natural tutor, B. F. Samuels, Sr., in said property, be recognized and held to be in full force and effect as against the other undivided one-half of said property.
Defendant Mrs. Julia C. Parsons appeared and filed the following exceptions, to wit:
(1) No cause of action;
(2) The mental incapacity of Earl Sam-uels, one of the plaintiffs, to stand in judgment ; and
(3) Pleas of prescription of one, three, and five years.
The exception of no cause of action was overruled. B. F. Samuels, Sr., applied and was appointed special curator ad hoe to Earl Samuels, and filed an amended petition on his behalf in that capacity. The pleas of prescription were referred to the merits.
Reserving her rights under the pleas and exceptions, Mrs. Parsons then answered jointly with defendants Mrs. Margaret T. Fair and husband and Mrs. Susie B. Stokes and husband, admitting the sale by the sheriff, and pleading the judgment by which their vendor. Cunningham, was recognized as the owner of a one-half interest in the property preliminarily to the partition proceedings, as res adjudicata to the attack made upon that interest herein. Otherwise the allegations of the petition were denied, and the proceedings by which the interest of plaintiffs was divested were claimed to have been legal and regular in every respect. The pleas of prescription were reiterated, and, in the alternative, said defendants asked that, in event they were compelled to surrender the property, they be allowed the value of the improvements placed thereon, as set forth in detail. Defendant C. D. Greening answered, pleading, in effect, a general denial, and called in warranty the other defendants named above. He likewise prayed that plaintiffs’ demands be rejected, and, in the alternative, for such judgment against said warrantors as might be rendered against him, and, in addition thereto, that he be allowed the sum of $2,500 for improvements placed upon the property.
Defendants Mrs. Nellie Kavanaugh, widow of Frank Kavanaugh, deceased, and Frank Kavanaugh, Jr., Bert Kavanaugh, Cecil Kav-anaugh, Nellie Kavanaugh, Val Kavanaugh, Fred Kavanaugh, and Kate Kavanaugh, children of the said Mrs. Nellie Kavanaugh and Frank Kavanaugh, Sr., deceased, also pleaded a general denial, and called in warranty the heirs of their vendor, H. J. Woodard, deceased, to wit, Chas. J. Woodard and H. J. Woodard, Jr., minors, represented by their tutor, D. P. Batchelor, and asked for the appointment of a tutor ad hoc for H. J. Woodard, Jr., the other minor heir of saidH. J. Woodard, Sr., and for service according to law; they further prayed that the demands of plaintiffs be rejected, and, in the alternative, for such judgment against their warrantors as might be recovered against them, and for the value of their improvements placed upon the property, which they fixed at the sum of $500.
E. P. Lee, Esq., was appointed tutor ad hoc for the said H. J. Woodard, Jr., and all *267 of the warrantors last above named appeared in response to the call in warranty, and adopted substantially the same defenses as those of Mrs. Julia 0. Parsons, including the exception of no cause of action, pleas of prescription, etc. In the alternative, they asked that they he given judgment for one-half of the taxes paid on the property, and for the further sum of $3,526 as the value of improvements.
With the issues thus formed the case went to trial, and resulted in a judgment in fdvor of defendants and warrantors, rejecting the demands of plaintiffs, and reforming and amending the proces verbal or deed by the sheriff of De Soto parish of date the-day of -, 1905, so as to show and include the conveyance to W. N. Cunningham of the undivided one-half of the property now in dispute, and which formerly belonged to said plaintiffs as minors, “in lieu of the interest of B. P. Samuels, natural tutor, et als.”
Prom said judgment plaintiffs have appealed.
Opinion.
Prom a judgment in suit No. 6644 on the docket of the district court for De Soto parish, entitled W. N. Cunningham v. B. P. Samuels, dated October 11, 1906, filed in evidence by both plaintiffs and defendants, it appears that Cunningham was decreed the owner of the entire property now in dispute, and also recovered personal judgment against Samuels for the sum of $50 for rent due thereon.
On October 15, 1905, W. N. Cunningham, deceased, alleging himself to be the owner of an undivided one-half interest in the said property, brought suit against the plaintiffs herein, represented by their father and duly qualified natural tutor, B. P. Samuels, for a partition by licitation. Experts were appointed to determine whether or not the property, 'was divisible in kind, and on the trial there was judgment ordering the property sold at public auction to effect a partition. No appeal was taken from this judgment, and a commission or writ issued to W. T. Pegues, sheriff and ex officio auctioneer, directing a sale of the property as provided in the judgment. According to the sheriff’s proces verbal, the property was regularly advertised, and on the day of sale was adjudicated to the said Cunningham, co-owner, as the highest bidder, for the price of $1,900; and the returns on the writ or commission show that after the payment of costs the sheriff paid the remainder, $1,843.20, over, in the proportion of one-half to each, to the co-owners — that is, $921.60 to Cunningham, and the same amount to A. M. Rives, under tutor for the minor children of B. P. Sam-uels — taking therefor their receipts. In the procSs verbal or deed to Cunningham the following language was used to describe the interest transferred, to wit:
“I do by these presents grant, bargain, sell, transfer, and set over unto the above-named purchaser all of the rights, titles, and interests that the said B. P. Samuels, natural tutor, et al., had in and to the above-described property.”
The deed otherwise gives the number and title of the cause in which the sale was made, sets forth the proper advertisement of the property, and seems to have been regular in form. However, it is contended by plaintiffs that their interest as minors was not conveyed by the clause quoted, but only that of the father and natural tutor.
[1, 2] The procSs verbal is merely the evidence of the sale, and recourse may be had to the other proceedings in the same cause wherever its terms are ambiguous, or for the purpose of determining what was actually conveyed. Interdiction of Onorato, 46 La. Ann. 73, 14 South. 299; Lane v. Cameron, 36 La. Ann. 773; Luria et al. v. Cote Blanche et al., 114 La. 386, 38 South. 279. By referring to the pleadings, judgment, commls *269 sion, etc., it will be seen that the entire property was ordered sold for the purpose of effecting a partition; and from the return on the writ or commission the whole property was so sold, the purchaser paying therefor the sum of $1,900, which, after the payment of costs, was divided equally between the co-owners. Therefore, regardless of' what the deed recited, the entire property passed, including the interest of the minors, and the purchaser could have proceeded at any time against the sheriff, in an appropriate proceeding; to compel, either the execution of a deed, or the correction of one erroneously made. See authorities above cited.
[3,4] As to the contention that Cunningham was not a co-owner at the time the partition proceedings were provoked, it is claimed by defendants that this issue was settled by the judgment in ease No. 6547, Cunningham v. Samuels, Sr., Tutor, referred to above, by which the plaintiff therein was decreed the owner of an undivided one-half of the property, and which judgment was never appealed from. In the partition proceedings plaintiffs .were parties defendant, and the contention which they. now make was a proper defense to that suit, which they did not see fit to urge, and they are therefore precluded from setting it up at this time. Ownership of an interest is a necessary prerequisite to an action to partition, and is an issue necessarily presented in such a proceeding, and if not denied, and a judgment is entered, either expressly or in effect recognizing such interest, and it be not appealed from, the matter becomes final as between the parties thereto. All the issues urged, or which might have been urged, as defenses necessarily arising in a suit, are concluded by the judgment. Black on Judgments (2d Ed.) vol. 2, p. 1002, §§ 660, 661; Choppin et al. v. Union Nat. Bk., 47 La. Ann. 660, 17 South. 201.
[5] The law does not require the appointment of special tutors ad hoc in a partition proceeding where the minors are represented by their regularly appointed tutors, when there is no conflict of interest with those of such tutors. Becnel v. Lbr. Co., 134 La. 467, 64 South. 380.
[6, 7] While no copy of the advertisement of the sale of the property appears in the record, the deed or proces verbal recites the fact that it was advertised for 30 clear days “in the Mansfield Journal, a weekly newspaper published in the town of Mansfield, and by posting a copy of the advertisement on the courthouse door,” and since this was a matter of form, and not of substance, the law presumes that the sheriff did his duty as recited in the deed. In any event, the attack on that score is barred by the prescription of five years set up by defendants. R. C. C. art. 3543; Louaillier v. Castille, 14 La. Ann. 777; Nagel v. Clement, 113 La. 195, 36 South. 935.
With regard to the disposition of the proceeds of the minors’ interest in the property, the record shows that the money was paid over to A. M. Hives, undertutor, by direction of the court, and who was at the same time clerk of said court and ex officio custodian of funds coming into the registry of the court. True, no formal order appears in the record to that effect, but it is otherwise disclosed, and we think that sufficient. Bives himself appeared as a witness in the case, and testified that he still has the money in his hands for the benefit of said minors, who are the present plaintiffs, and that they have not seen fit to demand it.
There is nothing in the record to show the recordation of an abstract of the inventory, or the minors’ legal mortgage against any interest of plaintiffs’ natural tutor, B. F. Samuels, Sr., in the property, prior to the conveyance to Cunningham, or the date of the judgment in his favor against *271 Samuels recognizing Ms ownership of that undivided interest.
For the reasons assigned . the judgment appealed from is affirmed at the cost of appellants.
PROVOSTY, J., takes no part, not having heard the argument.