(107 So. 427)

No. 27562.

## CITY OF SHREVEPORT v. DICKASON.

(Feb. 1, 1926. Rehearing Denied March 1, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Constitutional law** ⚫══110—**Right to building permit under final judgment of Supreme Court held not affected by subsequent ordinance.**

Right to building permit, wrongfully withheld until issued in obedience to final judgment of Supreme Court holding zoning ordinances relied on invalid, *held* not affected by subsequent ordinance, *especially in view of ordinance preserving rights of holders of permits issued before its passage.*

2. **Constitutional law** ⚫══211—**Unjust and illegal discrimination in administration of law is denial of equal protection (Const. U. S. Amend. 14).**

If law, though fair and impartial on face, is so administered as to make unjust and illegal discriminations material to rights of persons in similar circumstances, equal protection of law is denied, within prohibition of Const. U. S. Amend. 14.

3. **Municipal corporations** ⚫══621 — **Building permit was extended for ordinance period after final judgment for holder in city's injunction suit.**

Where city ordinances and building code declared building permits revocable only for cause, if construction begins within six months, permit arbitrarily withheld until issued in obedience to Supreme Court's final judgment in mandamus was extended six months from date of such court's final judgment for permit holder in city's injunction suit, brought before copy of judgment in mandamus suit was filed in office of district court clerk.

4. **Injunction** ⚫══186(1)—**Attorney's fees and damages, not prayed for in answer in injunction suit, held not recoverable on motion to dissolve restraining order.**

On motion to dissolve order restraining construction of filling station under building permit issued in obedience to judgment of Supreme Court, attorney's fees and damages for loss of time and rent *held* not recoverable, where not prayed for in movant's answer as defendant in injunction suit.

O'Niell, C. J., and Land, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Suit by the City of Shreveport against Mrs. Blanche Dickason. Judgment for plaintiff, and defendant appeals. Avoided, and judgment rendered for defendant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

B. F. Roberts, of Shreveport, for appellee.

BRUNOT, J. The defendant is the owner of four lots of ground in the Guy & Stinson subdivision of the city of Shreveport. She applied to the building inspector for a permit to erect a gasoline filling station on the property. The permit was denied, and she instituted mandamus proceedings to compel its issuance. The defense to that suit was that Ordinances Nos. 7 of 1922 and 235 of 1923 of the city of Shreveport had zoned the section of the city in which plaintiff's lots were situated, and the erection of business buildings within the territorial limits fixed in said ordinances was prohibited. Plaintiff's suit was dismissed by the district judge, but on appeal to this court we held that the two ordinances relied upon by the city were invalid because they did not define the district they proposed to create with reasonable certainty, and we therefore ordered defendant to issue the permit applied for. State ex rel. Dickason v. Harris, 105 So. 33, 158 La. 974.

While the case referred to was pending in the district court, the city council adopted and promulgated Ordinance No. 110 of 1924. Following the rendition of the judgment of the district court in that case and the perfection of an appeal therefrom, section 3 of Ordinance No. 110 of 1924 was amended by the adoption of Ordinance No. 177 of 1924. These ordinances are as follows:

"No. 110 of 1924.

"An ordinance, by Stringfellow.

"To establish certain residential districts in the city of Shreveport and to prohibit the erection of places of business in said residential districts in accordance with provisions of section 29 of article XIV of the Constitution of the state of Louisiana, for 1921; and to provide a penalty for the violation of this ordinance and to carry the same into immediate effect as an emergency ordinance.

"Section 1. Be it ordained by the city council of the city of Shreveport in regular session convened, that availing itself of the provision of section 29, of article XIV of the Constitution of the state of Louisiana of 1921, the city council does hereby establish residential zones of the hereinafter described territory of the city of Shreveport and create the same as residential districts in which there shall not be established or constructed any place or places of business for commercial or other purposes,. other than for residences, to be occupied as a dwelling by one or more families with the privilege of erecting on the same a private garage.

"Section 2. Be it further ordained, etc., that the following territory is hereby defined to be the residential zones set forth in section 1 as follows, to wit: (Then follows description by boundaries of four separate areas).

"Section 3. Be it further ordained, etc., that within the territory above described in section 2 herein is declared to be a residential zone, and that there shall not be constructed any commercial or business houses or filling stations, public garage, or any other business of any character unless an application shall be made therefor to the city council and the same receive the approval of the council by special ordinance amending this ordinance in each separate case.

"Section 4. Be it further ordained, etc., that the building inspector be and he is hereby prohibited from the issuance of any permit of any kind whatsoever for any commercial or business houses to be constructed within the residential zones herein set forth and described in section 2 of this ordinance.

"Section 5. Be it further ordained, etc., that any person, firm, or corporation violating the provisions of this ordinance and erecting any business house to be used for commercial purposes of any kind without authority from the city council shall be subject to a fine of not less than $25 nor more than $500 or imprisonment not less than 10 days nor more than 60 days, or both, at the discretion of the court; and this ordinance may likewise be enforced by injunction before any court of competent jurisdiction; and each day that this ordinance is so violated shall constitute a separate offense.

"Section 6. Be it further ordained, etc., that nothing in this ordinance shall be construed as canceling any permit heretofore granted prior to the passage of this ordinance or to require the destruction or demolishing of any business house already in existence at the time of the passage of this ordinance but the legal rights of such occupants or owners shall be duly and legally preserved and this ordinance shall take effect immediately.

"Section 7. Be it further ordained, etc., that this ordinance is declared to be an emergency ordinance and shall go into immediate effect upon its promulgation."

"Ordinance No. 177 of 1924.

"By Mr. Stringfellow:

"An ordinance amending and re-enacting section 3 of Ordinance No. 110 of 1924, the same being an ordinance to establish certain residential districts in the city of Shreveport, and to prohibit the erection of places of business in said residential districts in accordance with provision of section 29, article 14, of the Constitution of the state of Louisiana for 1921; and to provide a penalty for violation of this ordinance; and to carry the same into immediate effect as an emergency ordinance.

"Section 1. Be it ordained by the city council of the city of Shreveport, in legal and regular session convened, that section 3 of Ordinance 110 of 1924, being an ordinance to establish certain residential districts in the city of Shreveport and to prohibit the erection of places of business in said residential districts in accordance with provision of section 29, article 14, of the Constitution of the state of Louisiana for 1921, be amended and re-enacted so as to read as follows:

"'Section 3. Be it further ordained, etc., that the territory above described in section 2 hereof is hereby declared to be residential property and there shall not be constructed therein any commercial or business house, filling station, public garage, or business of any character.'

"Section 2. Be it further ordained, etc., that this ordinance shall go into effect immediately as an emergency measure."

On July 3, 1925, the city council adopted Ordinance No. 114, which we also quote:

"Ordinance No. 114 of 1925.

"By Mr. Stringfellow:

"An ordinance creating a residential district of all property fronting and abutting on Samford avenue from the southern side of St. Vincent to Wilkinson street, and prohibiting the establishment of all places of business in said residential district, providing penalties for the violation of this ordinance and carrying the same into effect immediately as an emergency ordinance.

"Section 1. Be it ordained by the city council of the city of Shreveport that all property within the city of Shreveport fronting and abutting on Samford avenue from the southern side of St. Vincent avenue to Wilkinson street is hereby created and declared to be a residential district.

"Section 2. Be it further ordained, etc., that it shall be unlawful for any person, firm or corporation to erect, construct or maintain any place of business of any kind or character within said residential district, and that it is hereby declared that the erection, construction or maintenance of any business house or building in said district is a public nuisance.

"Section 3. Be it further ordained, etc., that any person who violates the provisions of this ordinance shall upon conviction pay a fine of not less than one hundred dollars nor more than five hundred dollars or may be imprisoned not more than thirty days, or suffer both fine and imprisonment at the discretion of the court.

"Section 4. Be it further ordained, etc., that the building inspector of the city of Shreveport shall issue no permits for the erection of any business buildings within the above described residential district.

"Section 5. Be it further ordained, etc., that, inasmuch as an emergency exists which requires the immediate passage of this ordinance, that this ordinance shall go into effect immediately as an emergency ordinance."

Under the provisions of the foregoing ordinances the plaintiff brought the suit which is now before us. The prayer of the petition is for a rule upon defendant to show cause why a preliminary injunction should not issue, for a temporary restraining order, and, after trial, for judgment perpetuating the injunction. Plaintiff was ruled into court to produce certain documents. The rules were discharged. A motion to dissolve the restraining order and an exception of no cause of action were then filed, but, after a hearing thereon, the motion and exception were overruled, and a preliminary injunction was granted the plaintiff. This was followed by a motion for a new trial, which was also overruled, and finally the answer of defendant.

The defenses to the suit are found in the motion to dissolve the restraining order and in the answer. They are as follows:

That the judgment of this court in the Dickason-Harris suit (105 So. 33, 158 La. 974), is conclusive of defendant's right to the permit, the issuance of which is ordered by said judgment; that Ordinances Nos. 110 and 177 of 1924, if valid, except from their operation permits issued prior to their adoption, and that the exception operates in favor of plaintiff to the same extent as if the permit had been granted without resistance; that these ordinances, if valid, were in effect prior to final judgment in the cited case of Dickason v. Harris, and, this plaintiff having been a party with privity of interest in that case, and not having therein pleaded the ordinances in defense, is estopped to plead them now as a basis for an injunction restraining defendant from the use and enjoyment of the permit which issued in obedience to the judgment of this court; that Ordinance No. 110 of 1924 is illegal, ultra vires, unconstitutional, and void, and, being entirely invalid, Ordinance No. 177 of 1924, which purports to amend it is also ultra vires and of no effect; that if said ordinances are valid, in so far as they may be invoked to the prejudice of defendant's right to use and enjoy the permit issued pursuant to the judgment heretofore rendered in her favor, they are retroactive and divest her of a vested right; that the intention and effect of Ordinance No. 114 of 1925 is not to prescribe a general rule affecting alike all property owners in the territory which it defines, and that it is ultra vires, unreason-

able and discriminatory; that the ordinances mentioned violate section 2 of article 1 and section 15 of article 4 of the Constitution of Louisiana and the Fourteenth Amendment of the Constitution of the United States; that, under the ordinances and building code of the city of Shreveport, building permits are not revocable, except for cause, if work of construction begins within six months from date of permit; that, because of the continued legal resistance of plaintiff to the exercise of defendant's rights under the permit issued in obedience to the judgment of this court, she is entitled to an extension of the permit for six months from the final determination of this suit; and that notwithstanding the court ordered the issuance of the permit without restriction, the building inspector of Shreveport has arbitrarily embodied in said permit restrictive provisions. The prayer of the answer is that the rule to show cause why a preliminary injunction should not issue be recalled, and that all of plaintiff's demands be rejected; and, as plaintiff in reconvention, that the permit issued to her be continued in force and extended for a period of six months from the date of the final judgment that may be rendered herein, and that the city of Shreveport, its officers, and agents be enjoined from interfering with her or her assigns in the free use of said permit and the exercise of the right granted thereunder during said six months. The defendant also avers the nullity of Ordinance No. 116 of 1925, but, as the plaintiff does not invoke that ordinance, it is not necessary to consider it.

On these issues the case was finally submitted, on the merits, and the following judgment was rendered:

"And the case coming on for trial on the merits, and trial duly had, the law and the evidence being in favor thereof, it is ordered, adjudged, and decreed, that the city of Shreveport do have or recover judgment against the defendant, Mrs. Blanche Dickason, prohibiting and enjoining her, her agents and employees from constructing a filling station or other business building upon lots 17, 18, 19, and 20 of the Guy and Stinson subdivision to the city of Shreveport and judgment sustaining and perpetuating the writ of injunction heretofore ordered and issued. It is further ordered, adjudged, and decreed that defendant pay all costs of this suit."

From this judgment defendant appealed.

[1] Under our view of this case it is immaterial whether the ordinances relied upon by plaintiff are valid enactments, or whether these ordinances, or either of them, violate any of the provisions of the federal or state Constitutions. It is our opinion also that we are considering the assertion of a right here which was not presented to this court in State ex rel. Civello v. City of New Orleans, 97 So. 440, 154 La. 282, 33 A. L. R. 260. In that case we held that an application for a permit, followed by a mandamus suit to compel the issuance of the permit, did not invest the applicant with an absolute right to the permit, and did not divest the commission council of power to legislate upon the subject-matter. While this question was presented, it was not the serious question in that case. The main question there was whether the enactment of Ordinance No. 6789, C. C. S., was a valid exercise of the police power. In the case we are considering it appears that this defendant applied to the building inspector of Shreveport for a permit to erect a filling station on the property described in the petition. The permit was refused, a mandamus proceeding followed, and this court rendered a final judgment therein ordering the issuance of the permit. Pending final judgment in that suit, the city of Shreveport adopted Ordinance No. 110 of 1924, and Ordinance No. 177 of 1924, amending section 3 of Ordinance No. 110 of 1924.

Ordinance No. 110 of 1924 contains the following provision:

"Section 6. Be it further ordained, etc., that nothing in this ordinance shall be construed as canceling any permit heretofore granted prior to the passage of this ordinance or to re-

quire the destruction or demolishing of any business house already in existence at the time of the passage of this ordinance but the legal rights of such occupants or owners shall be duly and legally preserved and this ordinance shall take effect immediately." ·

Ordinances Nos. 7 of 1922, 235 of 1923, and 110 of 1924, as amended, were the only ordinances of the city of Shreveport in effect and invocable against the asserted claims of the defendant in the case before us prior to the rendition of the final judgment of this court in the Dickason-Harris Case, or until some time after our refusal of the application for a rehearing in that case. It is therefore apparent that if Ordinance No. 114 of 1925, which was adopted after the judgment in the Dickason-Harris Case became final, can be successfully pleaded herein, the authority supporting the right to do so must be found elsewhere than under the ruling in the Civello Case. Counsel for plaintiff seems to entertain this view himself, because he bases the plaintiff's right to plead the ordinance in this case upon the theory that a property owner can acquire no vested right to the use of his property free from public control under the police power. We say theory advisedly, because the rule counsel invokes is subject to well-known exceptions, and the facts of this case present one of the exceptions which, in our opinion, if we were considering the constitutionality of the ordinance, would lead us to apply the doctrine announced in Dobbins v. Los Angeles, 25 S. Ct. 18, 195 U. S. 223, 49 L. Ed. 169.

As we are presently concerned only with the asserted right of plaintiff to plead the ordinance in this case as authority for divesting the defendant of a valuable property right secured to her by a final judgment of this court, we feel that we may pretermit consideration of all other questions growing out of or pertaining thereto.

It is needless to comment upon the integrity of judicial proceedings and the sanc-tity of the court's decrees. It has been held that:

"Rights that have been ascertained and decreed by a final judgment are vested and cannot be divested by subsequent legislation." Shields v. Pipes, 31 La. Ann. 765; Shields v. Chase, 32 La. Ann. 409; Favrot v. Parish of East Baton Rouge, 34 La. Ann. 491; 6 R. C. L. 306–308; 12 C. J. 984.

"Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never be called in question by the parties, or third persons. It matters not under what form the question be presented, whenever the same question recurs between the same parties the plea of res adjudicata estops." Hooke v. Hooke, 14 La. 23; Holmes v. Dabbs, 15 La. Ann. 501; Broussard v. Broussard, 9 So. 910, 43 La. Ann. 921; McNeely v. Hyde, 15 So. 167, 46 La. Ann. 1098; Choppin et al. v. Union National Bank, 17 So. 201, 47 La. Ann. 660; Vincent v. Philips, 19 So. 143, 48 La. Ann. 351; Hargrave v. Mouton, 33 So. 590, 109 La. 534; Wells v. Blackman, 46 So. 437, 121 La. 394; Wells v. Files, 66 So. 749, 136 La. 126; Samuels v. Parsons, 83 So. 548, 146 La. 270.

The views we have expressed leave only one question to be determined, viz., whether the plaintiff, under the provisions of Ordinance No. 110 of 1924, as amended by Ordinance No. 177 of 1924, can restrain this defendant, by injunction, from the use and enjoyment of rights to which she was entitled, but which were only secured to her, at the termination of a litigation, by a judgment of this court.

[2] By reference to section 6 of Ordinance No. 110, it is seen that the legal rights of the holders of permits issued prior to the passage of the ordinance are preserved to them. Defendant applied for a building permit; she complied with all legal requirements, but the permit was illegally and arbitrarily withheld until it issued in obedience to the judgment of this court. To now hold that she is in a different class and subject to different rules, with reference to the permit and the use and enjoyment of all lawful rights thereunder, from those more fortunate citizens

to whom permits issued without necessity for invoking the aid of the courts, would countenance an unjust discrimination and a denial of the equal protection of the law.

"Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution." Yick Wo v. Hopkins, 6 S. Ct. 1064, 118 U. S. 356, 30 L. Ed. 220.

[3] Under the ordinances and building code of the city of Shreveport building permits are not revocable, except for cause, if construction begins within six months from the date of the permit. Where a permit is properly applied for and is arbitrarily withheld until the judgment of a court with jurisdiction orders its issuance, the applicant is entitled to an extension of six months from the final determination of the suit within which to begin construction of the building. 18 R. C. L. 118.

[4] In the motion to dissolve the restraining order plaintiff in motion, and defendant in the main suit, prays for attorneys' fees and for certain alleged damages for loss of time and loss of rent. No damages or attorneys' fees are prayed for in the answer, and we are of the opinion that the relief prayed for in the answer is all that defendant is entitled to recover in this suit.

For these reasons the judgment appealed from is avoided, and it is now ordered, adjudged, and decreed that all of plaintiff's demands be rejected.

It is further ordered, adjudged, and decreed, that there be judgment in favor of defendant, as plaintiff in reconvention, extending and continuing in force for a period of six months from the date this judgment becomes final the permit issued to defendant by J. T. Harrison, building inspector of the city of Shreveport, of date July 9, 1925, and that during said period of six months the city of Shreveport, its officers and agents, be and they are hereby restrained from interfering with defendant or her assigns in the lawful use and enjoyment of said permit.

It is further ordered that the costs of this appeal be paid by plaintiff.

O'NIELL, C. J., and LAND, J., dissent.