**WILLIAMS et al. v. HUGHES, Sheriff, et al.**

No. 5259.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

W. B. Massey, of Shreveport, for appellants.

Dimick & Hamilton, of Shreveport, for appellees.

HAMITER, Judge.

To properly appreciate the issue presented by this appeal, it is necessary that a brief review be made of the pertinent proceedings in that complicated and much litigated cause numbered 56,925, entitled Bessie R. Williams v. Oliver Williams, on the docket of the First judicial district court of Caddo parish.

The plaintiff in that suit sought and obtained a judgment from her husband decreeing a separation from bed and board between them, and ordering the taking of an inventory and appraisement by a notary public of all the property belonging to the community, with instructions to divide and partition such property as provided by law. After protracted litigation, she petitioned for, and was granted on December 7, 1932, a writ of judicial sequestration, under which T. R. Hughes, sheriff of Caddo parish, seized, sequestered, and took into his official possession certain property in Caddo parish, alleged by said petitioner to belong to the community, including lot 10 of the J. B. Pickett subdivision and lot 115 of the Lieb subdivision, with buildings and improvements thereon, and said sheriff proceeded under the writ to administer it and to collect all rents and revenues accruing therefrom pending a final determination of that cause.

Thereafter, or specifically on December 13, 1933, judgment was rendered on a rule to show cause, to which the plaintiffs in the case at bar were made defendants in rule, as they claimed interests in the property, decreeing, among other things, that all rents and revenues then in the hands of the sheriff, and which he held by reason of said judicial sequestration, belonged to the above-mentioned community, and ordering the appointed notary public to proceed with his partition on that basis. This judgment was never appealed from. Pursuant thereto, and to an ex parte order of that court, the sheriff relinquished to such notary all funds collected by him from the beginning of his administration of the property on December 7, 1932, to the date of said judgment of December 13, 1933, and they were disbursed under proper authority by the notary.

In a subsequent proceeding in that same suit, the defendants in the aforementioned rule, and plaintiffs in this cause, were granted judgment recognizing them as the owners of the above specifically described property, and, as such, entitled to the rents therefrom, ordering said property released from seizure, and commanding the sheriff to account to them for all rents and revenues collected since December 13, 1933. The accounting was made as required by that judgment.

These parties then brought this separate suit against the sheriff and Bessie R. Williams, plaintiff in the other suit, praying for judgment ordering an accounting to them of all rents and revenues received from said described property from December 7, 1932, until December 13, 1933.

A plea of res judicata was interposed by defendants in bar of plaintiffs' demands. This was sustained by the trial judge, and plaintiffs appealed devolutively.

The codal provisions of our law pertaining to the defense urged herein are as follows:

Article 539, Code Prac.:

"Definitive or final judgments are such as decide all the points in controversy, between the parties.

"Definitive judgments are such as have the force of res judicata."

Article 2286, Civ.Code:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand

must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

Article 3556, par. 31, Civ.Code:

"Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal."

■ Our Supreme Court, since its early existence, has consistently enunciated and adhered to the following rule relating to the conclusiveness and finality of judgments:

" 'Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never be called in question by the parties, or third persons. It matters not under what form the question be presented, whenever the same question recurs between the same parties the plea of res adjudicata estops.' Hooke v. Hooke, 14 La. 22, 23; Holmes v. Dabbs, 15 La.Ann. 501; Broussard v. Broussard, 43 La.Ann. 921, 9 So. 910; McNeely v. Hyde, 46 La.Ann. 1083, 1098, 15 So. 167; Choppin v. Union National Bank, 47 La. Ann. 660, 17 So. 201; Vincent v. Philips, 48 La.Ann. 351, 19 So. 143; Hargrave v. Mouton, 109 La. 533, 534, 33 So. 590; Wells v. Blackman, 121 La. 394, 46 So. 437; Wells v. Files, 136 La. 125, 126, 66 So. 749; Samuels v. Parsons, 146 La. 262, 270, 83 So. 548." City of Shreveport v. Dickason, 160 La. 563, 572, 107 So. 427, 431; Knox v. Louisiana Ry. & Nav. Co., 157 La. 602, 102 So. 685.

■ In the light of the above-quoted provisions of law, we think that the trial judge correctly sustained the plea of res judicata. The parties to this proceeding, the rents and revenues in dispute herein, and the cause of action stated in plaintiffs' petition were involved in the proceedings in said suit No. 56,925, on which the judgment of December 13, 1933, was rendered and signed. The court, in that judgment, decreed that such funds belonged to the community which existed between the original plaintiff and defendant in said suit, and not to the plaintiffs herein, and ordered their disposition. As no appeal was prosecuted therefrom, and as the time for appealing has expired, that judgment, which was definitive in character, was binding on these plaintiffs, and it conclusively disposed of the claim urged herein.

The judgment is, therefore, affirmed.